**In the Matter of Barbara Smith MITCHELL, Debtor.**

**Bankruptcy No. 81–04121A.**

United States Bankruptcy Court, N.D. Georgia.

Jan. 16, 1985.

---

### ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The attached document labeled "Assignment of Claim and Petition" with accompanying "order" was sent to this Court by mail for signature. The document seeks an order allowing transfer of a bankruptcy claim from one claimant to another entity. The Court has recently noted other documents of similar archaic and improper form which fail to conform to the Rules of Bankruptcy Procedure. For the following reasons this Court declines to sign the order:

(1) The named court at the top of the document improperly appears as "The District Court of the United States, For the Northern District of Georgia". The Clerk of the United States Bankruptcy Court and the United States District Court are different officials and head separate, different and independent court administrative offices in this district. Pursuant to ·existing applicable statutes, 28 U.S.C. § 156(b), the proper style is "United States Bankruptcy Court for the Northern District of Georgia," for filing of papers in this Court.[1]

(2) Throughout the document the word "petition" occurs to describe the document presented to the Court. The accompanying document is not a "petition" in the bankruptcy procedure. In the bankruptcy process and applicable procedures a "petition" is the terminology applicable to describe the document filed in the Bankruptcy Court to initiate a Title 11 case. 11 U.S.C. §§ 301, 302, 303. "Petition" is an improper label for any other document filed in the Bankruptcy Court. *See Annual Survey of Bankruptcy Law*, 1984, Bankruptcy Terminology and Procedure, at p. 3–4. Clearly the attached document was not intended to be a petition to initiate a Title 11 case. The Title 11 case was commenced on October 2, 1984 by a voluntary petition of the debtor as Case Number 81–04121A. Proof of transfer of claim may be a proper terminology for a transferred claim pursuant to subdivision (e) of Bankruptcy Rule 3001.

(3) The document makes reference to "General Orders of the Supreme Court." Such orders of procedure have not been applicable in the Bankruptcy Court since the Rules of Bankruptcy Procedure of 1973 became official October 1, 1973. Such general orders were repealed at that time. Presumably the proper reference should be to Bankruptcy Rule 3001(e) in effect since August 1, 1983 which replaced similar Rule 301 effective on October 1, 1973.

(4) Assuming the attached document was intended to conform to the requirements in Bankruptcy Rule of Procedure 3001(e) to effect an assignment of a claim previously filed to a different claimant, it is not in conformity with that Rule. It is not clear from a review of the document whether this proposed transfer of claim was for-

---

1. An order of this Court entered October 11, 1984 provided instructions to the bar, to wit:

   The Clerk of the United States Bankruptcy Court of this district is instructed to inform lawyers that until new official forms are promulgated and/or further order of this Court all pleadings in Title 11 U.S.C. cases and proceedings shall conform to the style of the United States Bankruptcy Court as contained in the official forms in existence prior to July 10, 1984.

   There exists in this district a separate clerk's office for the Bankruptcy Court pursuant to 28 U.S.C. 156(b). This clerk, appointed by the Bankruptcy Judges of this district pursuant to § 156(b), is the clerk of the "Bankruptcy Court", not the District Court. The Clerk's office of the District Court is separately maintained by the clerk of the United States District Court. No bankruptcy papers should be presented for filing to the clerk of the U.S. District Court and the U.S. District Court clerk will not accept such filings. Thus, the titles *United States Bankruptcy Court* and the *United States Bankruptcy Judge* shall be continued on all pleadings filed in Title 11 U.S.C. cases and proceedings in the Northern District of Georgia as per existing forms of practice used prior to July 10, 1984.

   This 11th day of October, 1984.

   Signed by all U.S. Bankruptcy Judges of this district.

warded before or after the proof of claim was filed. [Rule 3001(e)(1), (2), (3), (4)]. It is not clear whether the clerk may be required to give notice and the Court to have a hearing. *Id.* Notice of assignment of claim and opportunity to object and be heard is required to the original claimant in the absence of demonstrated consent. Said Rule requires that "evidence of the terms of the transfer shall be filed by the transferee." In the instant circumstances the Thrift Credit Union does not appear to be the transferee in this transaction, but rather the transferor. Consequently, under the rule, if the Assistant Commissioner-Comptroller, Federal Housing Administration is the transferee in the instant circumstances, that government official assumes the obligation of filing.

For the above reasons, a new form of proof of claim of transferee should be devised and filed by this government agency. *See* Bankruptcy Rule 3001(e) and Advisory Committee Note to subdivision (e).

IT IS SO ORDERED.

## APPENDIX