**In re The HARRIS GROUP, INC., formerly known as Crump/Harris, Inc., Debtor.**

**Bankruptcy No. 84–01998G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 2, 1986.

J. Gregg Miller, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for debtor/movant, The Harris Group, Inc.

Edward S. Wardell, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, Pa., for Zinman Group, Inc., J. Zinman, Inc. and Zinman Ins. of Florida.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The primary question posed in the case at bar is whether we should deny a motion of an alleged creditor to examine one of the debtor's principals under Bankruptcy Rule 2004. For the reasons stated below, we will grant the motion.

The facts of this case are as follows:[1] One Jacques Zinman ("Zinman") is a principal of Zinman Group, Inc., J. Zinman, Inc., and Zinman Insurance of Florida, Inc. Several years ago Zinman Group, Inc., sold certain assets to the debtor. Under an interrelated contract the debtor hired J. Zinman, Inc., as a consultant. Under the consulting contract, the fees and expenses of J. Zinman, Inc., were to be computed on the basis of sales generated by the assets sold by Zinman Group, Inc., to the debtor. Shortly thereafter, Zinman Group, Inc., ceased doing business and the corporation began winding up. Zinman was appointed one of the trustees of a trust created for the benefit of the shareholders of Zinman Group, Inc.

Two years later the debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). The next month the debtor sold the assets it had purchased from Zinman Group, Inc. As part of that transaction, the trustees of the trust of the shareholders of Zinman Group, Inc., signed an agreement releasing all claims of Zinman Group, Inc., held against the debtor. By a second agreement the trustees of that same trust surrendered the rights of Zinman group, Inc., to vote or receive distributions in the debtor's chapter 11 proceeding.

After the filing of the chapter 11 petition, J. Zinman, Inc., filed a proof of claim (No. 23). J. Zinman, Inc., subsequently lodged the instant motion for a 2004 examination of the debtor's president, Richard Harris ("Harris"), in order to obtain information on sales generated by the previous-

ly sold assets so it could precisely calculate the fees and expenses owed to it by the debtor. The debtor duly responded to the motion and filed an objection to the proof of claim of J. Zinman, Inc., asserting that the alleged creditor, was, in fact, not a creditor. The debtor's aim in interposing the objection to the proof of claim during the pendency of the motion for a 2004 examination, was that the claim of J. Zinman, Inc., would be disallowed, thus ostensibly stripping that creditor of the requisite standing necessary to obtain a 2004 examination.

Under Bankruptcy Rule 2004(a) an examination may be successfully sought "[o]n motion of any party in interest." The debtor apparently reads this to mean that, one who is not a creditor may not prevail on a motion filed under Bankruptcy Rule 2004. While the phrase "party in interest" is not defined in the Code, it is not apparent that the term is restricted to creditors. Nevertheless, the parties acquiesce in the belief that if J. Zinman, Inc., is deprived of its status as a creditor, it may not prevail on the Rule 2004 motion.

In objecting to the proof of claim, the debtor's first contention is that J. Zinman, Inc., simply failed to meet its burden of proof in establishing its claim. The parties cite Bankruptcy Rule 3001(f) which states:

(f) Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

Bankruptcy Rule 3001(f). Under this provision, a claimant carries the burden of proving his claim, but the burden of persuasion is initially shifted to the trustee or debtor in possession. As used in the case at bench, the debtor has introduced sufficient evidence to offset the *prima facie* evidentiary value of the proof of claim by establishing that the claim currently lacks sufficient specificity. Nonetheless, at this junc-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

ture of the case, this lack of particularity is due to the debtor's procedural maneuver of objecting to the claim during the pendency of the claimant's motion for a 2004 examination. It is through the 2004 examination that J. Zinman, Inc., hopes to obtain the necessary evidence to bolster its claim. Consequently, it would be premature to sustain the objection to the claim on this basis.

The next salvo fired against the claim by the debtor is the allegation that we should pierce the corporation veil of J. Zinman, Inc., and treat that corporate entity as the alter ego of Zinman. If the veil is pierced, the debtor posits that the releases signed by Zinman, the individual, constitute a release of the claim of J. Zinman, Inc., against the debtor.

Even presuming that the corporate veil could be pierced, we conclude that the debtor's argument is for naught. Zinman did not sign the releases in his personal capacity, but solely as trustee for the trust of the shareholders of Zinman Group, Inc. Any claims he may have possessed in his individual capacity were not released, and thus, we conclude that this argument is without merit.

Shifting directly to the propriety of granting the Rule 2004 motion, the debtor contends that it should not be granted on the basis of "unclean hands." The debtor alleges that through stealth, and without authority, Zinman examined the debtor's records.

The equitable doctrine of "unclean hands" finds its most appropriate application as a defense to an action for equitable relief. *See, e.g., United States v. Wilson,* 707 F.2d 304, 311–12 (8th Cir.1982). A motion for an examination under Rule 2004 is not appropriately called a request for equitable relief. Furthermore, we call to the fore, the equitable maxim that "equity follows the law." This doctrine counsels that equitable principles, "of necessity,

must comport to and remain compatible with the prevailing legislative intent." *Waldschmidt v. Ranier* (In Re Fulgham Construction Corp.), 706 F.2d 171, 173 (6th Cir.1983) (quotes omitted). Derivatively, equity must comport with the rule making power vested by Congress in the Supreme Court. Such rules, as represented here by Bankruptcy Rule 2004, are not easily amenable to the engraftment of equitable exception. We see fit not to create or apply an exception in the instant case.

Since the debtor's objections to the proof of claim of J. Zinman, Inc., are premature, we will enter an order overruling them. We also conclude that the debtor's resistance is without adequate foundation as to the entry of an order on the Rule 2004 motion filed by J. Zinman, Inc. We will enter an order granting the motion.