In re ROBERT T. NOEL COAL, INC., Debtor.

DOYLE EQUIPMENT COMPANY formerly Dravo Doyle, Plaintiff,

v.

ERICKSON OF JOHNSTOWN, INC. and Joseph Colavecchi, Esq., Defendants.

Bankruptcy No. 84–0285.
Adv. No. 85–537.

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 17, 1988.

Gary L. Costlow, Johnstown, Pa., for Erickson.

Joseph Colavecchi, Clearfield, for himself & Debtor.

Charles E. Bobinis, Pittsburgh, for Doyle.

Robert E. Thomas, Johnstown, Pa., for Creditors' Committee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is Assignee, Doyle Equipment Company's ("Doyle") Complaint for Judgment against Erickson of Johnstown, Inc. ("Erickson") and Joseph Colavecchi, Esq. ("Colavecchi") counsel to the Assignor, Robert T. Noel Coal, Inc. ("Noel"). Doyle alleges that Erickson improperly transferred funds to Noel, in violation of a Court Ordered assignment, and therefore must repay the funds to Doyle. Doyle further asserts that Colavecchi assumed responsibility for notifying Erickson of the assignment; having failed to do so, Doyle charges Colavecchi with joint and several liability.

In response thereto Erickson avers a lack of knowledge regarding the Court Order until *May 13, 1985*. Thereafter, it avers it contacted Noel's principal, a non-defendant herein, and acted upon this layman's legal advice.

Colavecchi denies any duty to Doyle, and to the contrary avers that Doyle was represented by legal counsel. Colavecchi continues that if anyone breached a duty to Doyle, said failure is that of Doyle's counsel.

The parties have consented to this Court's exercise of jurisdiction; we enter this Memorandum Opinion and Final Order of Court, wherein we find liability as to Erickson in the amount of $6,172.33, but no liability as to Colavecchi.

## FACTS

Noel, a coal producer, filed a Chapter 11 bankruptcy petition on February 9, 1984. Doyle, a secured creditor, sought and received relief from the automatic stay on December 10, 1984, in order to repossess its security, a certain D–9 bulldozer. Thereafter, in private negotiations, Noel asserted that possession and use of said bulldozer was necessary for the continued operation of his business, and accordingly the parties entered into a written agreement, codified by Court Order dated March 11, 1985. That Order states in part as follows:

1. The amount owed by Robert T. Noel Coal, Inc. is Nineteen Thousand Forty–Five Dollars and Thirty Cents ($19,045.30) on a secured basis, to be secured by a Caterpillar D9G Dozer having Serial Number 66A2929. The security interest of Doyle Equipment Company is limited to this Caterpillar D9G Dozer.

2. Interest shall be charged on this account at the rate of 1¼% per month on the unpaid balance.

3. Repayment shall be based on One ($1.00) Dollar per ton per month with a Two Thousand ($2,000) Dollar per month minimum. Payment shall be made directly to Doyle Equipment Company by Erickson of Johnstown. Said payments shall be made on a monthly basis to be received no later than the first of each month beginning April 1, 1985.

4. In the event payment is not received by the fifth of the following month, Doyle Equipment Company reserves the right to reclaim the security without additional litigation or objection from Robert T. Noel Coal, Inc.

Erickson was and is a coal broker, which would receive orders for coal. Noel would produce said coal and transport it to its destination. The purchaser would pay Erickson, which would deduct its commission and then transmit the balance to Noel.

Colavecchi agreed to present and in fact presented the above Order to the Court for

signature. Doyle asserts Colavecchi additionally assumed responsibility for serving the signed Order upon Erickson; Colavecchi denies same. Apparently no one served Erickson with notice of the assignment until May 13, 1985, when Doyle, through its counsel, sent a letter to Erickson, with an enclosed copy of the March 11, 1985 Order, and demanded past and future payments. Erickson called Noel to inquire about the arrangement and was advised by Noel that the bulldozer was not in good working order and had already been offered to Doyle for repossession; Noel, a layman and principal of a bankrupt business, advised Erickson that the assignment had no continuing effect and that any and all funds due and owing were to be paid to Noel. During the week that followed Doyle's letter, Erickson paid Noel at least $16,000.00 for coal shipped in May.

The bulldozer was repossessed by Doyle in September of 1985. It was sold for substantially less than the outstanding debt, leaving a deficiency of $12,973.72.

## ANALYSIS

A legal assignment is often defined as a transfer of property or of a right or interest in such property, from one person to another. *See In re Purman's Estate*, 358 Pa. 187, 56 A.2d 86 (1948). The right to receive money due or to become due, is generally assignable. P.L.E. *Assignments* § 4 p. 143. Therefore, Noel was fully capable of executing a legal assignment to Doyle of money due from Erickson.

An assignment made for consideration is irrevocable. *Brager v. Blum*, 49 B.R. 626 (E.D.Pa.1985). Pennsylvania Courts have held that even a preexisting debt can constitute sufficient consideration. *Beechwood Improvement Co. v. City of Farrell*, 123 Pa.Super. 544, 187 A. 306 (1936). In the case at bar, Noel assigned the funds to Doyle as security for the continued use and possession of Doyle's bulldozer. Therefore, the assignment is irrevocable.

While notice to Erickson is not essential to the assignment's validity, it *is* necessary in order to charge a third-party (Erickson) with the duty to make payment to the Assignee (Doyle). *Commonwealth v. Baldassari*, 279 Pa.Super. 491, 421 A.2d 306 (1980). In Pennsylvania, notice is sufficient if it is such as would put a reasonable person on inquiry. *Commonwealth v. Pressley*, 331 Pa.Super. 43, 479 A.2d 1069 (1984); *Draper Paper Mill, Inc. v. Huff, Barnes & Opie*, 110 Pa.Super. 336, 168 A. 372 (1933). In fact, Doyle need not transmit to Erickson either the original or a certified copy of the assigning Order; notice that would put Erickson on inquiry that Doyle claims such an assignment is sufficient. *North Penn Iron Co. v. International Lithoid Co.*, 217 Pa. 538, 66 A. 860 (1907).

Generally, Doyle's rights are in a perilous position until adequate notice is given to Erickson. *Frankford Trust Company v. Stainless Steel Services Inc.*, 327 Pa.Super. 159, 475 A.2d 147 (1984). This peril arises from the fact that Erickson has the right to make any payment of funds owed to Noel directly to Noel, so long as Erickson does not have notice of a contrary duty pursuant to an assignment. Any such payments to Noel made prior to notice of assignment are binding upon Doyle. *Ertel v. McCloskey*, 167 Pa.Super. 120, 74 A.2d 652 (1950); *Foster v. Carson*, 159 Pa. 477, 28 A. 356 (1894). In contradistinction, if Erickson paid Noel after having notice of the assignment, it would be compelled to pay the sum twice. *Bishell v. Eckert*, 3 Leg.Op. 375 (1872); *Brindle v. McIllvaine* 9 S. & R. 74 (1822).

From the testimony elicited at trial, it is clear that as of May 13, 1985 Erickson was, at the very least, on inquiry notice. In fact the letter did cause Erickson to make an inquiry. However, a legal conclusion by Noel as to the validity of the assignment is not sufficient to invalidate the effect of an Order of Court. If Erickson were unsure of the appropriate disposition of the funds, it should have withheld payment and/or the sum should have been interpleaded with the Court. The last thing Erickson should have done was pay said funds to this bankrupt debtor when he

knew another had a claim to them pursuant to an Order of Court.

A total of $6,172.33, which was paid by Erickson to Noel in contravention of this Court's Order, remains due and owing by Erickson to Doyle. This double payment is not inequitable. While Erickson did not have notice of the assignment until May 13, 1985, it fortuitously had sufficient funds, owed to Noel, in its possession at that time, to have complied with this Court's Order. By paying said sums to Noel after receiving notice of the Order, Erickson did so at its own risk. Erickson should not have relied upon the legal opinion of a non-lawyer, especially when that person is the principal of a bankrupt business.

Finally, we turn to Doyle's allegations against Colavecchi, and we dismiss same as being meritless. Colavecchi was and is Noel's counsel. While there is no wrong committed by Colavecchi in presenting a consent motion to the Court, it is beyond the parameters of both professional conduct and the Bankruptcy Code for Debtor's counsel to represent a creditor. Although intimations were made to the Court that friction, between Doyle's counsel and Noel, caused Doyle to have Colavecchi bring the motion to Court, no one has asserted that Doyle's counsel ever had any contact, positive or negative, with Erickson; therefore, there was no reason for Doyle's counsel to assume Colavecchi would advise Erickson of the assignment. Counsel to Noel had a duty to represent Noel; Counsel to Doyle had a duty to represent Doyle. Each had a duty to exercise due care on behalf of his respective client. Neither owed a duty nor accepted responsibility to protect the interest of the other client.

An appropriate Order will be issued.

## ORDER OF COURT

AND NOW at Pittsburgh in said District this 17th day of February, 1988, in accordance with the foregoing Memorandum Opinion of this same date, it is hereby ORDERED, ADJUDGED and DECREED that Judgment is entered against Erickson of Johnstown, Inc., and in favor of Doyle Equipment Company, in the sum of $6,172.33,

It is further ORDERED that the Complaint against Joseph Colavecchi, Esq. is hereby DISMISSED.