In re HERITAGE VILLAGE CHURCH AND MISSIONARY FELLOWSHIP, INC. a/k/a PTL, PTL Club, Fort Heritage Campgrounds and Christian Retreat, PTL Enterprises, Debtor.

Bankruptcy No. 87–01956C–11.

United States Bankruptcy Court, D. South Carolina.

June 10, 1988.

Michael L. Meyer, Minneapolis, Minn., and Mary Ann Welsh, Robins, Zelle, Larson & Kaplan, Atlanta, Ga., and Robert F. Anderson, Robert F. Anderson, P.A., Columbia, S.C., for First Portland Corp.

R. Bradford Leggett, Allman, Spry, Humprhreys, Leggett & Howington, P.A., Winston–Salem, N.C., for trustee.

## MEMORANDUM OPINION AND ORDER REGARDING THE ASSIGNMENT OF CLAIMS

RUFUS W. REYNOLDS, Bankruptcy Judge.

The question presented for decision is both unique and complex in that it involves a matter of first impression before this Court and it concerns an area that could potentially affect a large number of claimants in bankruptcy proceedings. This Court must determine whether a claim "deemed filed" in a Chapter 11 proceeding remains effective when the claimant attempts to assign the claim subsequent to the bar date for filing claims.

On June 12, 1987, Heritage Village Church and Missionary Fellowship, Inc. a/k/a PTL ("PTL") filed for protection under Chapter 11 of the United States Bankruptcy Code. In November, 1987, a Trustee was appointed and M.C. Benton serves as Successor Trustee ("Trustee") in this proceeding.

After the filing of the bankruptcy proceeding, and during the summer and fall of 1987, First Portland Corporation of St. Paul, Minnesota ("First Portland") began soliciting certain unsecured creditors of PTL with an offer to purchase the claims against PTL. The offer consisted of a one page statement which reflected that the claimant was listed on the debtor's schedules and that First Portland was willing to pay 10% of the face amount of the claim conditioned on the claim's being valid, uncontested, unpaid and previously unsold. Various creditors accepted First Portland's offer and the claimant's signature was to constitute an assignment of the claim. The unsecured debt in this proceeding is approximately $13,000,000.00 and there are more than 1,000 unsecured creditors in this proceeding. Unsecured creditors with claims totaling $134,000.00 agreed to sell their claims to First Portland for a 10% cash payment.

First Portland did not require that the claimants file a proof of claim with the Bankruptcy Court. The Bankruptcy Court had set a bar date for filing claims in this proceeding of December 10, 1987. On March 4, 1988, First Portland mailed copies of the 36 page offer and acceptance forms to the Bankruptcy Court, requesting that the claims be duly noted as assigned claims. This matter was set for hearing and the Trustee objected to the assignment of the claims stating that the one page offer and acceptance did not constitute a proof of claim inasmuch as the information contained in the offer to purchase was deficient. The Trustee argued that the offer to purchase failed to set forth the underlying basis of the debt and the supporting documentation as is required under Bankruptcy Rule 3001(a) and Official Form No. 19. The Trustee contended that since no proofs of claim had been filed by the bar date of December 10, 1987, these claims could not now be assigned. First Portland argued that it was filing notices of the assignment of the claim pursuant to Bankruptcy Rule 3001(e)(2). This rule states in pertinent part as follows:

> *Unconditional transfer after proof filed.* If a claim other than one based on a bond or debenture has been unconditionally transferred after the proof of claim has been filed, evidence of the terms of the transfer shall be filed by the transferee....

First Portland alleges that proofs of claim were deemed filed inasmuch as the indebtedness was reflected on the debtor's schedule of liabilities.

■ The issue for determination by this Court is whether an *actual* proof of claim is required to be filed when a claim is assigned after the bar date for filing claims. 11 U.S.C. § 1111(a) sets forth the general rule that "a proof of claim or interest is *deemed* filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated". (Emphasis added.) First Portland argued that the claims of all claimants were deemed

filed pursuant to § 1111(a) and that it was not necessary that an actual proof of claim be filed in order to effectuate an assignment of the claim. A review of the existing case law reveals no prior decisions on this issue.

Bankruptcy Rule 3003 governs the procedure for filing proofs of claims in the Chapter 11 case. A debtor's schedule of liabilities constitutes *prima facie* evidence of the validity and the amount of a creditor's claim. It is not necessary for a creditor or an equity security holder to file a claim *unless* the claim is not scheduled or is scheduled as disputed, contingent or unliquidated. It is the creditor's responsibility to determine if its claim is listed in the correct amount. If the creditor disputes the amount listed, it must file a claim within the time period fixed by the Bankruptcy Court. Bankruptcy Rule 3001(e) governs transferred claims and sets up two different procedures, depending on whether or not a proof of claim has been filed. Rule 3001(e)(1) governs the unconditional transfer before a proof is filed. It requires the following: (1) a proof of claim may be filed only by the transferee; and (2) if the claim is transferred after the petition date, the proof of claim shall be supported by (a) a statement of the transferor acknowledging the transfer and the consideration for the transfer, or (b) a statement of the transferee acknowledging the consideration for the transfer and a statement why the transferee is unable to obtain a statement from the transferor;

Rule 3001(e)(2) governs the unconditional transfer after proof filed. It requires the following: (1) evidence of the terms of the transfer filed by the transferee; (2) notice to the original claimant of the transfer and notice that objection to the transfer must be filed within 20 days; (3) notice and hearing; and (4) the entry of an order substituting the transferee for the original claimant or other appropriate order.

The Trustee argued that public policy dictated a requirement that the transferee be required to file a proof of claim before the bar date to insure that the proper holder of the claim would be entitled to vote on

any plan of reorganization and further to insure that other interested parties would be informed as to any activity regarding the trading in claims. The Trustee argued that this would be an important consideration inasmuch as the entity could purchase claims at a diminimus amount and therefore have the effect of voting control in a Chapter 11 reorganization. While the Court concedes that the purchasing of claims could have an effect on the voting of a Chapter 11 plan, the Court does not have to order the transfer of the claim and has the powers under 11 U.S.C. § 105 to prohibit the wrongful purchase and/or assignment of certain claims. Rule 3001(e)(2) makes it clear that a bankruptcy judge may enter an order substituting the transferee for the original claimant *or* other appropriate order.

In this instance, while no actual proofs of claim were filed with the Court by the bar date, proofs of claim were deemed filed pursuant to 11 U.S.C. § 1111(a). Rule 3001(e) does not require an actual filing a proof of claim. Where actual filings of a proof of claim is required, the Bankruptcy Rules are specific. Bankruptcy Rule 1019(4) deals with the conversion of a Chapter 11 reorganization case to a Chapter 7 liquidation case. In such an instance, only claims actually filed by a creditor in the superseded case shall be deemed filed in the Chapter 7 case. (as amended August 1, 1987).

█ This Court finds that the requirements of an unconditional transfer after the proof filed pursuant to Rule 3001(e)(2) have been met. This Court does, however, acknowledge that in certain instances this Court should use the powers set forth in § 105 to deny the unconditional transfer of claims where the Court deems such transfers inappropriate.

Accordingly, it is ORDERED, ADJUDGED and DECREED that the Trustee's objection is overruled and First Portland is hereby substituted as transferee for the original claimants as indicated in its notice of assignment pursuant to the provisions of Bankruptcy Rule 3001(e)(2).

## ORDER WITH RESPECT TO EXECUTORY CONTRACTS AND LEASES

This matter coming on for consideration on May 24, 1988 after proper notice upon the Trustee's motion seeking clarification as to his duties with respect to executory contracts and leases; and the Court finding that, in conjunction with the Lifetime Partners' and Creditors' Plan of Reorganization which was confirmed on December 22, 1988, there were certain deadlines established relating to the obligation of the Trustee to act with reference to executory contracts and leases; and the Court further finding that the Lifetime Partners' and Creditors' Plan of Reorganization was not consummated, but rather is the subject of proposed modifications filed by the Trustee which contain new provisions relating to the assumption or rejection of executory contracts; and the Court having concluded as a matter of law that by virtue of the inability to consummate the Lifetime Partners' and Creditors' Plan of Reorganization as originally anticipated on May 2, 1988, the provisions of that Plan and this Court's order of March 11, 1988 relating to the assumption and rejection of executory contracts are not binding on the Trustee; and for good and sufficient cause shown; it is

ORDERED AND DECLARED that prior deadlines established in this proceeding relating to the assumption or rejection of executory contracts are of no force and effect and deadlines relating to the assumption or rejection of executory contracts shall be established within the context of further proceedings to be conducted which relate to the Trustee's proposed modifications to the Lifetime Partners' and Creditors' Plan of Reorganization.