**In re OXFORD ROYAL MUSHROOM PRODUCTS, INC., Debtor.**

**Bankruptcy No. 81–02434F.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 6, 1988.

William T. Windsor, Jr., Philadelphia, Pa., for debtor, Oxford Royal Mushroom Products, Inc.

Christopher G. Furlong, Broomall, Pa., and Robert C. Perry, Philadelphia, Pa., for Frezzo Brothers, Inc.

Mark J. Packel, Barry D. Kleban, Adelman Lavine Gold & Levin, Philadelphia, Pa., for trustee, Robert H. Levin.

Lawrence Lichtenstein, Mesirov, Gelman, Jaffe, Cramer & Jamieson, and Alan Dubroff, Pincus, Bressler, Hahn, Reich & Weinberg, Philadelphia, Pa., for Creditors' Committee.

## OPINION

BRUCE I. FOX, Bankruptcy Judge:

The matter before me is brought by the trustee of Oxford Royal Mushroom Products, Inc. (the debtor), who objects to a proof of claim filed by Frezzo Brothers, Inc. (claim # 179). Frezzo contends that it is the recipient of an assignment by D and M Mushroom of a claim against the debtor, and that therefore it is entitled to the distribution of $11,682.37 made to D and M Mushroom by the trustee on October 10, 1986. In reality the issue becomes who bears responsibility for the trustee's payment to D and M of a claim previously assigned to Frezzo.

### I.

The debtor filed its chapter 11 bankruptcy petition on June 25, 1981. Robert Levin, Esquire was appointed chapter 11 trustee on January 31, 1984 and the plan of reorganization was confirmed on July 25, 1985.[1] The bar date for filing proofs of claim against the debtor was fixed by court order as October 5, 1985, pursuant to Bankruptcy Rule 3003(c)(3).

The parties stipulate that an entity known as D and M Mushroom has an undisputed non-contingent claim listed in the

---

1. Counsel for the trustee stated at the hearing that the trustee's plan of reorganization was confirmed by order of then Chief Judge Goldhaber on July 25, 1985, and that by Judge Goldhaber's notation the order is dated July 25, 1985, "as of August 8, 1984." According to counsel, "the order had gotten lost in the shuffle" after the confirmation hearing, thereby necessitating the apparent *nunc pro tunc* order. [N.T. at 7]. *See* Exhibit T–3 (Trustee's Objection to Proof of Claim No. 179, Exhibit B ("Order Confirming Plan")).

debtor's schedule of liabilities; this scheduled claim is in the liquidated sum of $70,-609.71.[2] An assignment of D and M's claim against the debtor was made in favor of Frezzo Brothers on April 3, 1985.[3] A copy of this assignment, which is made part of the record by Exhibit T–3, bears the time stamp of the Deputy Clerk of the Bankruptcy Court. This time stamp, initialed by Kathy MacDonald, a bankruptcy court employee at that time, indicates that the assignment of claims between D and M and Frezzo was filed with this court on May 17, 1985, well before the bar date. It is uncontroverted that this assignment does not appear on the proof of claim docket or on the main docket in this bankruptcy proceeding, except as an attachment to claim number 179, which was filed on March 4, 1987 by Frezzo. Further, the assignment cannot be located in the files maintained by the Clerk of the Bankruptcy Court.

Testimony was presented at the hearing by Robert Forenski, on behalf of Frezzo Brothers, that he telephoned Mark J. Packel, Esquire, counsel for the trustee, on February 27, 1986 in order to "check on the status of the case [and to find out] when

2. The debtor's schedules were not moved into evidence; the Plan of Reorganization, filed with the court on May 2, 1984, is made part of the record by Exhibit T–3. The parties have not disputed the nature of this scheduled claim, and so I will assume that it is not listed as disputed, contingent or unliquidated.

3. The assignment provides in its entirety:
ASSIGNMENT OF CLAIMS
AND NOW, to wit, this 3 day of April, 1985, comes D and M Mushrooms of Kennett Square, Pennsylvania, a mushroom grower, (hereinafter referred to as D and M) being the party of the first part and Frezzo Brothers, Inc. of Avondale, Pennsylvania (hereinafter referred to as Frezzo) party of the second part; and
WHEREAS, D and M owes a substantial amount of money to Frezzo for compost; and
WHEREAS, D and M has acknowledged that he owes said debt but does not have sufficient funds available to pay Frezzo; and
WHEREAS, Oxford Royal Mushroom Company, Inc. and/or Alfred Fortugna presently owe certain sums of money for mushrooms to D and M; and
WHEREAS, Oxford Royal Mushroom Company, Inc. and/or Alfred Fortugna are presently in Bankruptcy;

distribution of the money would be made." [N.T. at 34–35.] Mr. Forenski mentioned the assignment of D and M's claim to Frezzo in this conversation, but Mr. Packel said "he had nothing to indicate that he had any assignments of this nature." [Testimony of Forenski, N.T. at 35.] The trustee's testimony and evidence corroborates the fact and substance of this conversation; Mr. Packel's time records for February 27, 1986 reflect a telephone call received from James Frezzo regarding the D and M claim. [N.T. at 66–67; Ex. T–6]. At Mr. Packel's request, Mr. Forenski then sent him a copy of the assignment, which was enclosed with a letter dated February 27, 1986 and signed by James L. Frezzo (*See* Exhibit T–3).[4] This letter was sent by first class postage.

Mr. Forenski sent a second letter by certified mail to Mark J. Packel, dated July 8, 1986, regarding "Assignment of Claims, Oxford Royal." Two claims against the debtor assigned to Frezzo were discussed in this correspondence: the one from D and M Mushroom currently in dispute, and another from William Corozzo Mushrooms. This letter states in relevant part:

NOW THEREFORE, with intent to be legally bound hereby, the parties mutually agree as follows:
D and M assigns all rights, title, interest, or claims against Oxford Royal Mushroom Company, Inc. and/or of Alfred Fortugna to Frezzo Brothers, Inc.
The assignment is signed by both the president and the secretary of D and M Mushroom, as well as two witnesses (the signature of one witness appears to be that of the president of D and M Mushroom).

4. The letter states in full:
February 27, 1986
Mark J. Packel, Esq.
Two Penn Center Plaza
Philadelphia, PA 19102
Re: Assignment of Claims, Oxford Royal
Dear Sir:
Enclosed is a copy of the assignment of claims we received from the D and M Mushrooms. If we can be of any further assistance feel free to contact me.
Very truly yours,
/s/ James L. Frezzo

On February 27, 1986 we sent you a copy of an Assignment of Claims from the D and M Mushroom Co. to Frezzo Bros. Inc.

If the Corozzo assignment is *not* on file, we would like to have it placed on record at this time.

(Exhibit T-3; emphasis in original.) A copy of the Corozzo assignment to Frezzo was enclosed with the letter, and upon its receipt the Corozzo assignment was placed in the trustee's files for that claim. No action was then taken, however, with regard to the D and M assignment to Frezzo that was also discussed in this letter. [Testimony of Packel, N.T. at 76–77]. Counsel for the trustee did respond to Frezzo's July 8 letter by his letter of July 15, 1986; this response does not refer to any creditor by name, but rather states only that "unsecured claims have not yet been paid although ... we hope to make [a partial distribution] within the next 90 to 120 days." (Exhibit T-5).

Finally, Mr. Forenski testified that he had one more telephone conversation with Mr. Packel prior to the first distribution made under the debtor's plan. On or about August 28, 1986 he called to inquire of the trustee's counsel when the distribution "coming from D and M to [Frezzo]" could be expected. Mr. Packel's response was that the checks "would be made out within 60 to 90 days." [N.T. at 38].

By Order dated October 10, 1986 the debtor's trustee was permitted to make a first partial distribution of the debtor's estate pursuant to the schedule attached thereto.[5] D and M Mushroom is included in that attached schedule, and in the first partial distribution mailed on October 10, 1986 a check made payable to D and M Mushroom in the sum of $11,628.37 was mailed to it at 547 Schoolhouse Road, Kennett Square, Pennsylvania. This check was subsequently presented for payment, and was paid.[6]

Counsel for the trustee did not make a first partial distribution to Corozzo Mushrooms on October 10, 1986. Corozzo was omitted from this distribution because the trustee was aware that the claim may have been assigned, there being a claim in the debtor's schedules of an amount owed to Corozzo and an assignment purportedly assigning this claim to Frezzo but no court order reflecting the validity of the assignment. Therefore, the trustee withheld distribution of this claim until the validity of the assignment was established. [Testimony of Packel, N.T. at 80–81].

On or about October 31, 1986 Mr. Forenski called Mark Packel to inquire about the distribution made to D and M Mushroom. By letter dated November 3, 1986 Mr. Packel responded, specifically referring to the D and M assignment to Frezzo for the first time.[7] Frezzo Brothers thereafter filed a proof of claim in the amount of

---

5. The trustee's plan provides that only holders of allowed claims will participate in any distribution under the plan. An allowed claim is:

   A claim that is (i) listed in the Bankruptcy Schedules filed in this Case and not listed as disputed, contingent or unliquidated, or (ii) set forth in a properly filed Proof of Claim and to which no objection is filed prior to distribution under the Plan, or (iii) determined to be allowed by a Final Order.

   Trustee's Plan at Section One, Paragraph (2).

6. Of course, this dispute arises because the principals of *D and M Mushroom* are unavailable and recovery of the sum paid will be difficult.

7. This letter from counsel for the trustee states in its entirety:

November 3, 1986

Mr. Bob Forenski
Frezzo Bros., Inc.
R.D. # 1
Box 44
Avondale, PA 19311

Re: *Oxford Royal Mushroom Products, Inc.*

Dear Bob:

I am in receipt of a letter dated July 8, 1986 from James L. Frezzo regarding the above referenced matter. That letter states that on February 27, 1986, I was sent a copy of an assignment of claim from D & M Mushroom to Frezzo Bros. I have no records of receiving such an assignment in my file. Please send me a copy of said assignment, immediately. I would also suggest that you contact D & M Mushroom to determine if in fact they have received a distribution check in the above referenced matter. Should you have any further questions concerning this matter, please do not hesitate to contact me.

Very truly yours,
/s/ Mark J. Packel
MARK J. PACKEL

$70,609.71, the amount assigned to Frezzo by D and M, against the debtor on March 4, 1987. This proof, filed 17 months after the bar date, must be disallowed as untimely, Bankr.R. 3003(c)(3), unless Frezzo possesses a valid claim due either to the debtor's scheduling of the D and M Mushroom debt, or due to its filed assignment.

It is not contested that Frezzo Brothers is entitled to receive all future disbursements made on this claim against the debtor. The trustee concedes that there is a valid unsecured claim against the debtor in the amount of $70,609.71, and that this debt is owed either to D and M Mushroom, as a scheduled creditor, or to Frezzo Brothers, as assignee of D and M's claim. [N.T. at 16–17]. *Cf. Carnegia v. Georgia Higher Education Assistance Corp.*, 691 F.2d 482 (11th Cir.1982) (proof of claim filed after the claims bar date constituted a substitution of parties with no change in the nature of the claim against the debtor). Furthermore, notice of the assignment was duly sent to the assignor, D and M, under Bankr.R. 3001(e)(2) on October 21, 1988 by the Clerk of the Bankruptcy Court, and no objections were received. Thus, the trustee now objects only to Frezzo's ability to collect the amount previously paid to D and M, i.e., $11,682.37 [N.T. at 16].

## II.

■ I note at the outset that the ultimate burden of proof rests upon the claimant, Frezzo Brothers, to prove the validity of the assignment, and thus its entitlement to the sum of $11,682.37. In so holding, I recognize that the Bankruptcy Code and Rules are silent as to whom this particular burden is charged, and that the case law involving challenged assignments of claims is particularly sparse.

The allocation of burdens of proof was touched upon in *Warrington v. Dawson*, 798 F.2d 1533 (5th Cir.1986), where the court recited the trial court's finding that the plaintiff, an assignee of a claim, had failed to prove that the account debtor had received notice of the assignment that was sufficient to require payment to the assignee, rather than to the assignor. Here also, the assignee of a claim is seeking payment from a trustee that has already paid on the claim.

Bankr.R. 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of claim." [8] This subparagraph carries forward the previous provision of former Bankr. Rule 301(b), which provided that a proof of claim filed in accordance with the rules carries a presumptive validity. The burden of overcoming this presumption is placed on the objecting party, and once that has been accomplished, the ultimate burden of establishing the validity of a claim is placed on the creditor, who must do so by a standard of preponderance of evidence. *In re Rabzak*, 79 B.R. 960 (Bankr.E.D.Pa. 1987); *In re Harris Group, Inc.*, 64 B.R. 417 (Bankr.E.D.Pa.1986); *In re Eastern Fire Protection*, 44 B.R. 140 (Bankr.E.D. Pa.1984).

Consonant with the scheme that a claimant bears the ultimate burden of persuasion, along with the decision of *Warrington v. Dawson*, I find that the burden ultimately rests on Frezzo Brothers to prove the validity of its assignment and of the trustee's impropriety in paying the assignor after Frezzo's filing of the assignment.

## III.

■ Initially I must address an issue of first impression in this jurisdiction: does Bankr.R. 3001(e) govern the unconditional transfer of a claim that is "deemed filed" pursuant to 11 U.S.C. § 1111(a)?

Section 1111(a) of Title 11 sets forth the general rule that "a proof of claim or interest is deemed filed under section 501 of this Title for any claim or interest that appears in the schedules filed under section 521(1)

---

**8.** The 1983 Note to Bankruptcy Rule 3001 by the Advisory Committee acknowledges that "[t]he Federal Rules of Evidence, made applicable to cases under the Code by Rule 1101, do not prescribe the evidentiary effect to be accorded particular documents. Subdivision (f) of this rule supplements the Federal Rules of Evidence as they apply to cases under the Code."

or 1106(a)(2) of this Title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated." While Frezzo Brothers does not raise the question, I note that if D and M's claim were deemed filed as a proof of claim for purposes of Rule 3001(e), it would not be necessary for Frezzo to file an actual proof of claim to effectuate an assignment of the claim.

According to Rule 3003(b)(1), the chapter 11 debtor's schedule of liabilities "shall constitute *prima facie* evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor ... to file a proof of claim or interest [unless that claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated]." It is thus incumbent upon the claimant to determine if the claim is listed in the correct amount; if the claimant is satisfied with the scheduled amount he or she need take no further action.

Bankruptcy Rule 3001(e) governs, *inter alia*, the unconditional transfer of claims in two situations. If a claim is transferred before proof of the claim is filed, Rule 3001(e)(1) requires that the proof of claim may be filed thereafter only by the transferee, and if the transfer occurred after the bankruptcy petition was filed, this proof "shall be supported by (A) a statement of the transferror acknowledging the transfer and stating the consideration therefor, or (B) a statement of the transferee setting forth the consideration for the transfer and why the transferee is unable to obtain the statement from the transferror." If the transfer occurs after the proof of claim has been filed, "evidence of the terms of the transfer shall be filed by the transferee." The clerk of the bankruptcy court is then directed to notify the original claimant (presumably the transferror) of this filing; after hearing on notice, if the bankruptcy court finds that the claim has been unconditionally transferred, it shall enter an order substituting the transferee for the original claimant. Bankr.R. 3001(e)(2). This paragraph does not dictate by when proof of the terms of the transfer must be filed, and thus such filing may not be governed by the proof of claim bar date. *See* 8 *Collier on Bankruptcy* ¶ 3001.04[1] at 3001–18; *In re Heritage Village Church & Missionary Fellowship, Inc.*, 87 B.R. 17 (Bankr.D.S.C. 1988).

In essence, the trustee contends that this court cannot approve the assignment to Frezzo, as Frezzo did not comply with the provisions of Bankr. Rule 3001(e)[9]; thus, the trustee asserts that his payment to D and M Mushroom was appropriate.

The trustee's position is predicated upon his interpretation of Bankr. Rule 3001(e)(2), which refers to claims that are filed. The trustee argues that the rule refers to claims actually filed, and since the only claim actually filed by Frezzo was well past the bar date, there is no timely proof to be assigned.[10] Respectfully, I cannot agree that Rule 3001(e)(2) speaks only to claims actually filed as opposed to those deemed filed. *Accord In re Heritage Village Church & Missionary Fellowship, Inc.*

First, Bankr. Rule 3001(e) does not, unlike current Bankr.R. 1019(4), refer to claims actually filed. Prior to 1987, Bankr. R. 1019(4), governing, *inter alia*, conversion of a chapter 11 case to a chapter 7, read that "[a]ll claims filed in the superseded case shall be deemed filed in the chapter 7 case." The Third Circuit Court of Appeals, in *In re Crouthamel Potato Chip Co.*, 786 F.2d 141 (3d Cir.1986), concluded that the language of then Rule 1019 included claims deemed filed as well as actually filed. The 1987 Advisory Committee Note to Rule 1019, in discussing the 1987 rule amendment, acknowledges that *Crouthamel* "properly construed" this earlier language.

Second, the Court of Appeals in *Crouthamel* discussed the purpose of § 1111(a):

---

**9.** Of course, this implicit position contradicts the trustee's acknowledgement that Frezzo is entitled to future D and M distributions.

**10.** The trustee's argument assumes that the assignment filed by Frezzo on May 17, 1985 is not an informal proof of claim or, if it is, that Frezzo did not comply with Bankr. Rule 3001(e)(1).

[It was] enacted to lessen the fury of the inevitable paper storm that descends upon bankruptcy proceedings. [It was] designed to eliminate unnecessary practices and procedures where money is tight, time is expensive, proceedings are by necessity protracted, and [its] goal is to achieve administrative efficiency and, as much as possible, to conserve time and money, administrative expenses and fees.

Thus, where a debtor acknowledges in his lists and schedules accompanying a chapter 11 case that a creditor has a legitimate claim, it is both unnecessary to put a creditor to the artificial task of filing the identical claim, already acknowledged by the debtor....

786 F.2d at 145.

Although *Crouthamel* discussed § 1111(a) in the context of the need to file a proof of claim in a superseded case, its reasoning applies with equal force to allowance of assignment of claims under Rule 3001(e).[11]

Finally, the effect of the trustee's position is to prevent claim assignments after a court bar date for those claims deemed allowed by § 1111(a). The trustee has offered no reason for such an interesting policy decision and none comes readily to mind. Thus, I agree with *In re Heritage Village Church & Missionary Fellowship, Inc.*, that Rule 3001(e)(2) does not exclude assignment of proofs of claims deemed filed[12] and that Frezzo's claim is not defeated by its failure to file a timely proof under Bankr. Rule 3001(e)(1).[13]

## IV.

■ The "Assignment of Claims" between D. and M and Frezzo, as described *supra*, was stamped as received by a clerk of the bankruptcy court on May 17, 1985. Rule 3001(e)(2) does not give guidance as to what evidence would tend to prove the terms of the transfer, and the form to be used is not specified in the Official Forms. 8 *Collier on Bankruptcy* ¶ 3001.04[1] at 3001–18. The evidence should, however, provide sufficient information so that the duties imposed by Rule 3001(e) may be carried out. *In re Mitchell*, 47 B.R. 59 (Bankr.N.D.Ga.1985). Thus, the evidence should identify the transferor, the transferee and the claim; it should reflect whether a proof of claim has been filed and whether the transfer is unconditional or for security purposes. 8 *Collier* at 3001–18.

I find that this assignment[14] provides evidence of the terms of the transfer sufficient for purposes of R. 3001(e)(2). The parties to the assignment are adequately identified,[15] the basis for the transfer is clearly spelled out, and the fact of the debtor's bankruptcy is referenced. D and M clearly and unconditionally assigned its claims against the debtor to Frezzo Brothers in this document.

■ Further, I find that Frezzo Brothers satisfied its obligations under R. 3001(e)(2) by its filing of this evidence of transfer.

11. I appreciate that the 1987 Advisory Committee Note to Rule 1019(4) refers to a perceived need for a chapter 7 trustee to review actual proofs of claim filed by creditors rather than rely solely upon a debtor's schedules. Nonetheless, there is no requirement that a creditor whose claim has been deemed allowed by section 1111(a) file an actual claim when a chapter 11 trustee is ordered appointed pursuant to 11 U.S.C. § 1104(a).

12. In so finding, I respectfully disagree with the commentary in 8 *Collier on Bankruptcy* ¶ 3001.04[2] at 3007–18 fn. 12 (15th ed. 1988), that Rule 3001(e)(1) is applicable where no actual proof of claim is filed prior to the assignment, and that its applicability is not extinguished by scheduled claims which are "deemed filed" under § 1111.

13. *Cf. Carnegia v. Georgia Higher Education Assistance Corp.*, 691 F.2d 482 (proof of claim filed after applicable bar date did not create a new claim; rather, it constituted a substitution of parties with no change in the nature of the claim against the debtor. Accordingly, the late filing related back in time to the original filing and therefore was not untimely).

14. The parties stipulate that the assignment was drafted by an attorney [N.T. at 7].

15. Oxford Royal Mushroom Products, Inc. is improperly identified as "Oxford Royal Mushroom Company, Inc.," an insignificant error.

The fact that the document is not located in the bankruptcy court's files does not negate the fact of filing. *See In re Nimz Transportation, Inc.,* 505 F.2d 177 (7th Cir.1974); *In re Imperial Sheet Metal, Inc.,* 352 F.Supp. 1149 (M.D.La.1973); *Matter of Kero–Sun, Inc.,* 63 B.R. 50 (Bankr. D.Conn.1986). *Compare In re Beattie,* 102 F.Supp. 107 (W.D.Mich.1951) (proof of claim not located in clerk's office held not filed, where claim was mailed to referee but record did not establish that the claim was, in fact, received). The trustee argues, however, that the filing of this assignment was insufficient to enable Frezzo to receive payment under the first distribution, as the procedures further described in (e)(2) are prerequisite to an effective transfer. Thus, it is argued that any assignment of a claim in a bankruptcy proceeding is ineffective and not binding on the estate until there has been notice, an opportunity for hearing and a court order, even if the assignment meets all requirements of state law.

It is agreed that Rule 3001(e)(2) "provides for an order substituting the transferee for the original claim." 8 *Collier on Bankruptcy* ¶ 3001.09[1] at 3001–17 and fn. 7. However, there is a valid distinction between the entry of an order approving the claim assignment and the trustee's ability to make distribution to the transferor after receiving notice of the assignment but prior to the entry of the court order.

In essence, this contested matter revolves around the issue of notice.[16] Did the trustee have notice of the assignment of the D and M claim sufficient to now make him liable to the assignee for the amount already paid? Upon these facts,

this question must be answered affirmatively.

### V.

I appreciate that the prepetition validity of an assignment must be determined by reference to state law—in this instance, the law of Pennsylvania. *Corn Exchange Nat'l Bank & Trust Co. v. Klauder,* 318 U.S. 434, 437, 63 S.Ct. 679, 681, 87 L.Ed. 884 (1943) (interpreting §§ 60(a) and 1(30) of the former Bankruptcy Act, and holding that the "law of Pennsylvania" governed notice of assignment issue). *See also In re Rosen,* 157 F.2d 997 (3d Cir.1946). I accept the trustee's implicit contention, though, that the validity of an assignment entered into postpetition cannot be resolved solely by reference to state law. That is, the duty of an obligor to make payment to the assignee cannot be defined solely by state law given the requirements imposed by Bankr. Rule 3001(e)(2).

Whether a bankruptcy court has the power to disapprove of an assignment made postpetition which would otherwise comport with state law requirement, *compare In re Heritage Village Church & Missionary Fellowship, Inc.* (dictum holding that 11 U.S.C. § 105(a) empowers a bankruptcy court to disapprove of such an assignment) *with In re Robert T. Noel Coal, Inc.,* 82 B.R. 778 (Bankr.W.D.1988) (state law determines validity of postpetition assignment), is an issue I need not answer. I do conclude, however, that where the trustee receives notice, postpetition, which would be sufficient under state assignment law to impose upon an obligor a duty not to pay the assignor, then the trustee may not make distribution to the assignor absent a court order or the consent of the parties.

**16.** Frezzo Brothers contends that the Assignment filed on May 17, 1985 constitutes a proof of claim as defined by Bankr.R. 3001, even though "the written instrument itself may not be in strict compliance [sic] with subparagraphs (a) through (c) of this Rule, and Official Form No. 19...." [Respondent's Memorandum at 3.] I cannot agree that this document is in substantial conformity with the requirements of a formal proof of claim. However, it is further argued that the document constitutes an informal proof of claim, which was filed in a timely fashion.

Courts have long permitted certain writings, filed before the expiration of the bar date, to serve as a proof of claim. *In re Ungar,* 70 B.R. 519, 523 (Bankr.E.D.Pa.1987), *citing Sun Basin Lumber Co. v. United States,* 432 F.2d 48 (9th Cir.1970); *In re Lipman,* 65 F.2d 366 (2d Cir. 1933); *In re Guardian Mortgage Investors,* 15 B.R. 284 (M.D.Fla.1981). I have found no cases holding that an assignment of claims may constitute an informal proof of claim; it is unnecessary for me to reach this question in the matter *sub judice.*

Under a settled principle of law in Pennsylvania, an assignment of a debt does not bind the debtor (in this case the trustee) until notice is given; that is, until the trustee receives notice of the assignment he may without penalty pay the assignor. *In re Robert T. Noel Coal, Inc.,* 82 B.R. at 780; *Frankford Trust Co. v. Stainless Steel Services, Inc.,* 327 Pa.Super. 159, 475 A.2d 147 (1984); *Burger v. Freedom Tp.,* 126 Pa.Super. 128, 190 A. 387, 390 (1937). Generally speaking, it is the duty of the assignee to notify the trustee of the assignment; failure to do so puts the assignee in "peril of losing the debt, either by subsequent assignment to another person, or by new defenses arising between the assignor and the debtor or by a payment by the debtor to the assignor." *Burger v. Freedom Tp.,* 190 A. at 389.

In Pennsylvania, the obligor is liable to the assignee if the obligor has either actual notice of the assignment or constructive notice, that is, knowledge of facts which would reasonably impart knowledge of the change in the power to receive payment, even if the assignee failed to give notice to the obligor. *Burger v. Freedom Tp.,* 190 A. at 390, *citing Tritt's Admr. v. Colwell's Admr.,* 31 Pa. 228 (1858). This "constructive notice" is often described as information that would put a reasonable person on "inquiry" of the change. *In re Robert T. Noel Coal, Inc.,* 82 B.R. at 780; *Commonwealth v. Pressley,* 331 Pa.Super. 43, 479 A.2d 1069 (1984); *Draper Paper Mills, Inc. v. Huff, Barnes & Opie, Inc.,* 110 Pa.Super. 336, 168 A. 372 (1933). "Inquiry notice" does not require that the obligor receive a copy of the assignment. Knowledge of a third party's claims to an assignment is information sufficient to put the trustee on inquiry. *In re Robert T. Noel Coal, Inc.,* 82 B.R. at 780; *North Penn Iron Co. v. International Lithoid Co.,* 217 Pa. 538, 66 A. 860 (1907).

The trustee does not dispute that he did receive the July 8, 1986 letter from James L. Frezzo. This letter states that "on February 27, 1986, we sent you a copy of an Assignment of Claims from the D and M Mushroom Co. to Frezzo Bros. Inc."; the letter also mentions "the Corozzo assignment," and asks for "notification as to when these claims would be settled and payment made." [17] Thus, the letter unambiguously declares the existence of an assignment of the D and M claim to Frezzo, and the fact that a copy of this assignment had been forwarded to the trustee four months previous. The letter clearly provides enough information to put the trustee on inquiry of the assignment, and should have caused the trustee to call into question the continuing validity of D and M's right to receive payment on its claim. If the trustee was unsure of the appropriate disposition of the funds as between these two creditors, he "should have withheld payment and/or the sum should have been interpleaded with the court." *In re Robert T. Noel Coal, Inc.,* 82 B.R. at 780.[18]

Again, that is precisely what the trustee did with the Corozzo claim. Like D and M, Corozzo had assigned its claim against the debtor to Frezzo. Upon receiving notice of this assignment, the trustee did not propose to pay Corozzo in the first partial disbursement to creditors; rather, the trustee noticed the possible conflict over which entity properly held the claim, and therefore did not rely strictly on the court records (i.e., orders, dockets, schedules of liabilities and proofs of claim) in making a distribution on that claim. In spite of the fact that he had received no notice of the

**17.** The February 27, 1986 letter was incompletely addressed to the trustee's counsel, who testified that it was not received. Given my resolution of this matter I need not decide whether the letter was in fact received or whether its mailing alone constitutes sufficient notice under Pennsylvania law.

**18.** I need not decide, particularly since it was sent after the bar date, whether the July 8, 1986 letter contained information sufficient to constitute an informal proof of claim, requiring the trustee to transmit the same to the clerk of the bankruptcy court under Rule 5005(b). *See In re Anderson–Walker Industries, Inc.,* 798 F.2d 1285 (9th Cir.1986). (*But see In re Overly–Hautz Co.,* 81 B.R. 434 (Bankr.N.D.Ohio 1986) (Bankruptcy Rule 505 refers to "proofs of claim or interest, complaints, motions, applications, objections and other papers required to be filed;" "other papers" held to include withdrawal of proof of claim.))

assignment through the bankruptcy court's communications or an order approving the assignment, the trustee nonetheless acted upon his independently-received notice of assignment and properly reserved payment until there was a court order determining the proper claimant.[19]

The trustee's actions with respect to the Corozzo claim comported with his clear fiduciary duty, which makes him subject to the highest standard of conduct to those in whom he is obligated. *See, e.g., Commodity Futures Trading Com'n. v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985); *Lovell v. Mixon*, 719 F.2d 1373 (8th Cir.1983); *In re Job–Site Industries, Inc.*, 78 B.R. 332 (Bankr.S.D.Fla.1987); *In re Holiday Isles, Ltd.*, 29 B.R. 827 (Bankr.S. D.Fla.1983); *In re Endeco, Inc.*, 1 B.R. 64 (Bankr.D.N.D.1979). The trustee in bankruptcy "may not only properly object to the allowance of a claim on any ground disentitling it to proof or allowance against the estate, but it is his duty to do so." *See, e.g., James Talcott, Inc. v. Glavin*, 104 F.2d 851, 853 (3d Cir.1939), *cert. denied*, 308 U.S. 598, 60 S.Ct. 130, 84 L.Ed. 501 (1939). This high level of care, coupled with the statutory obligations to investigate the affairs of the debtor and to object to the allowance of any improper claim, 11 U.S.C. §§ 704(5), 1106(a)(1) and (a)(3), requires that I conclude that the trustee's duties are not defined solely by the procedures set forth in Rule 3001(e)(2). When preparing to make a distribution of the estate, the trustee must review the proofs of claims, scheduled claims and, perforce, any notice of assignments of those claims. In sum, I find that the burden of proving the validity of notice of this assignment and the trustee's impropriety of paying the assignor has been met, and therefore Frezzo Brothers is entitled to the disbursement which was wrongfully paid to the original claimant and assignor D and M.

An appropriate order shall be entered.

**19.** I recognize that the July 8, 1986 letter contained a copy of the Corozzo assignment, which prompted the trustee to action on that claim [N.T. at 76, 79–81]. Since, under Pennsylvania law, receipt of the assignment document is not necessary to give sufficient notice, *In re Robert T. Noel Coal, Inc.*, the fact that a copy of the D and M assignment was not included with that correspondence is irrelevant to this analysis.

ORDER

AND NOW, this 6 day of December, 1988, upon consideration of the Trustee's Objection to Proof of Claim No. 179 filed by Frezzo Brothers, Inc., after hearing and consideration of the matter, and for the reasons set forth in the accompanying Opinion, it is hereby

ORDERED and DECREED that Proof of Claim No. 179 filed by Frezzo Brothers, Inc. is ALLOWED.