419 A.2d 1358

COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE ex rel Doris MARTINEZ,

v.

Edward ALVIN.

Appeal of PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE.

Superior Court of Pennsylvania.

Argued Dec. 6, 1979.

Filed June 20, 1980.

Douglas E. Block, Assistant Attorney General, Philadelphia, for appellant.

Doris Martinez, appellee, in pro. per.

Edward Alvin, appellee, in pro. per.

Before PRICE, WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Northampton County, Domestic Relations Section,

which dismissed a rule to show cause why a prior order of the court granting the appellee credit against the arrearages on a support order for payment made directly to relatrix, whose claim for arrearages had been assigned of record to the Department of Public Welfare, should not be set aside *ab initio.*

An order for support of Doris Alvin, nee Martinez, and one child, later amended for two children, in the above court was in arrears several thousand dollars. Mrs. Martinez applied for Public Assistance and as a condition of eligibility the support order and the arrearages was assigned to the Department of Public Welfare and recorded in that Domestic Relations Office of Northampton County, in October, 1975. The obligation then became a debt due the State.

The Child Support Enforcement Act (known as Title IV–D of the Social Security Act) P.L. *93–647,* as amended by *P.L. 94–88* required the above assignment and also requires payments on the obligation be made directly to the state via the Domestic Relations Office of the counties of the Commonwealth.

Pennsylvania in compliance with Federal mandate adopted its plan and designated the Department of Public Welfare Bureau of Claim Settlement as the unit to administer Title IV–D.

In July, 1977, appellee, Edward Alvin, gave a check for $1000.00 marked "Alvin support" to Mrs. Martinez and then claimed credit for that amount against the arrearages on the support. This credit was allowed by the court below by order of February 15, 1979. The Department of Welfare appealed.

All prior payments, under the order, were made to the Probation Office by Alvin and he was familiar with the required procedure.

Mrs. Martinez testified the payment was consideration for the assignment of her interest in entireties property to Mr. Alvin. The court below found otherwise.

At the time of the payment no support was payable to Mrs. Martinez, but was due and payable to the State. Notice of same was on record, supra. This payment by appellee was subserving and did not constitute a reduction of the debt due the State and flies directly contra to both the federal and state statutes.

Order reversed and rule made absolute and order of February 15, 1979 is hereby set aside.