421 A.2d 306

**COMMONWEALTH of Pennsylvania**

v.

**John J. BALDASSARI, Sr., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed Aug. 8, 1980.

Philip V. Mattes, Scranton, for appellant.

Ricki Sanders, Assistant Attorney General, Philadelphia, for participating party.

Before CERCONE, President Judge, and HOFFMAN and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Lackawanna County, Criminal Division, by the appellant, John J. Baldassari, Sr. The appellant claims that his due process rights were violated by the court below when the court entered an order, dated February 13, 1979, directing that all future payments of support made by the appellant for the support of his child be sent to the Pennsylvania Department of Public Welfare.

The appellant is the father of John Baldassari, Jr., a minor, who resides with his mother, Rose Anne McGowan. Both the mother and the minor child are recipients of an Aid to Families with Dependent Children grant. The original court order directing appellant to pay support of his minor child was entered on September 1, 1974. This order was assigned to the Department of Public Welfare on the same date because the mother and child were receiving public assistance. The assistance case was closed and reopened on several occasions. On January 23, 1979, the child's mother, Rose Anne McGowan, executed a PA. 173–E Authorization to Change Beneficiary and to Pay Order and Arrearages to the Commonwealth of Pennsylvania, Department of Public Welfare form. This form provides for the payment of any support monies to the Commonwealth of Pennsylvania, Department of Public Welfare and is a condition imposed upon the recipients of public assistance grants before they may receive such grants from the public purse. The Court of Common Pleas of Lackawanna County entered its Order of February 13, 1979, pursuant to notice being given to the court by the domestic relations officer to the effect that the child and his mother were receiving public assistance monies. The appellant claims that his due process rights were violated because he was never given the right to be heard prior to the February 13, 1979 Order. He claims that the said Order, entered as it was, denied him of valuable property rights

and interfered with his relationship with his child without providing him the opportunity to be heard regarding same. We do not agree.

■ Appellant's child and the child's mother are receiving public assistance pursuant to the Social Security Act's Aid to Families with Dependent Children program (AFDC). See *42 U.S.C. 601, et seq.* This grant program is a cooperative state–federal one. In order to participate in the program, the various states, including Pennsylvania, must comply with the Act's requirements. *42 U.S.C. 602.* One of the Act's requirements is that a recipient family must assign its right to child support to the state. *42 U.S.C. 602(a)(26)(A).* The states are then required to collect any child support monies and to offset them against amounts paid out in AFDC. *42 U.S.C. 657(a)(1) to (4).* Thus the states must require that any applicant for AFDC monies assign to the state any rights to support from any person. The applicant must agree to do this as a condition of eligibility for such assistance. In *Charleston v. Wohlgemuth*, 332 F.Supp. 1175 (E.D.Pa.1971), the procedures which Pennsylvania had implemented requiring AFDC applicants, who owned real or personal property, to agree, as a condition of receiving public assistance, to reimburse the Commonwealth for assistance received and to give the Commonwealth a lien on the property as security were determined to be valid. The forms at issue in that case were similar to the "PA. 173E" form that the child's mother executed in the instant case in that they required the public assistance recipient to assign certain property rights to the Commonwealth as a condition for receiving that assistance. Thus, we hold that the Commonwealth may lawfully require an applicant for public assistance to assign property rights to the Commonwealth as a condition for receiving public assistance. *Charleston v. Wohlgemuth*, supra; *Perillo v. Commonwealth of Pennsylvania, Department of Public Welfare*, 476 Pa. 494, 383 A.2d 208 (1978).

A parent has the duty of supporting his or her unemancipated minor children and his or her real and/or personal

property remain liable for the expenses of the support, maintenance, assistance, and burial of such children. *62 P.S. 1974(a).*

Thus, it is clear that: (1) appellant has the duty to support his unemancipated minor child; (2) that the Commonwealth may validly require an applicant for public assistance to assign any right to support to the Commonwealth; and (3) that a parent's real and personal property may be held liable for the expenses of child support pursuant to *62 P.S. 101, et seq.*, which is the Commonwealth's implementation of the AFDC's state plan.

■ The defendant's claim that he had a right to a hearing regarding the Court Order directing that his child support payments be paid to the Commonwealth of Pennsylvania, Department of Public Welfare is meritless. Apparently the defendant does not like the fact that his support payments are sent to the D. P. W., where certain deductions are made based upon the eligibility requirements of the AFDC program, and that only a portion of said payments, those in excess of the AFDC grant, are sent to the child and his mother. However, the amount of the support payment was not determined pursuant to, nor affected by, the February 13, 1979 Order. Thus, the appellant is in no way affected by the Order. He has the same support obligation whether or not the Order had ever been entered. As such he is not affected by the Order and has no standing to contest it. The appellant's support obligation is a debt, the rights to which the state is entitled by the assignment executed by the child's mother. Notice to a debtor of an assignment by a creditor is not essential to the validity of the assignment and may be necessary only to charge the debtor with the duty of payment to the assigned. *3 P.L.E., Assignments, Sec. 4, 32 & 33.* Thus, the appellant's due process rights have not been violated by lack of a hearing prior to the entry of the aforesaid Order (February 13, 1979) because no personal or property rights of his have been affected by said Order since he must pay the same amount of child support whether or not, the order ever was made.

Nor have any rights regarding appellant's parent–child relationship been affected by the order as the child's mother validly assigned her rights for the support of the child to the Commonwealth, as discussed above.

Thus, we hold, that a parent having the duty of paying child support need not be given a hearing prior to the entry of an order directing that said child support payments be paid to the Commonwealth so long as the person receiving said payments has exercised a valid assignment of said payments and so long as the amount to be paid by the first parent is unaffected by such an Order.

Order affirmed.