## Commonwealth ex rel Grube v. Parry

*Gregory R. Reed,* for the Dept. of Public Welfare.
*Herbert Karasin,* for defendant.

ESHELMAN, *T.J.,* October 18, 1982—This matter is presently before the court on the petition of the Commonwealth of Pennsylvania, Department of Public Welfare (hereinafter department), seeking reimbursement of certain public assistance grants made to plaintiff Janet Grube and the five minor children of the parties.

Review of the record reveals that on May 25, 1962 an order was entered against defendant Joseph Parry directing the payment of $40 per week for the support of plaintiff and the parties' five minor chil-

dren. Sometime thereafter, defendant having defaulted in payments due under the aforesaid order, plaintiff applied for and received public assistance grants. Substantial arrearages have since accumulated on the order of support.

On March 25, 1980, a petition to modify the support order and credit arrearages was filed on behalf of defendant. Defendant's petition asserted, inter alia, that the parties were divorced by a decree issued on August 22, 1972 by the Court of Common Pleas of Berks County (no. 181 February, 1972); that defendant, for substantial periods of time subsequent to the entry of the May 25, 1962 order, was unemployed and unable to pay support; that since January 31, 1975 defendant was physically disabled and unable to procure employment; that the children who were the beneficiaries of the order were no longer dependent upon defendant; and that plaintiff had remarried.

On August 25, 1981, the department filed the instant petition, wherein it was alleged that public assistance was furnished to plaintiff and the parties' children in the amount of $12,762.40 and that the department was entitled to reimbursement of the same from defendant. A rule was thereupon granted upon plaintiff to show cause why arrearages should not be assigned to the department. Testimony was taken during a hearing conducted on February 23, 1982, and counsel have since filed briefs and argued the matter. For the reasons set forth below, we have decided to grant the department's petition.

### DISCUSSION

The department relies upon section 5 of the Support Law of June 24, 1937, P.L. 2045[1] as the statu-

1. 62 P.S. § 1975.

tory authority for obtaining reimbursement of the sums granted. The above-mentioned section provides, in pertinent part, as follows:

(a) Whenever any person shall become a public charge or receive public assistance, the public body or public agency caring for or furnishing such assistance may sue for and recover any sum of money due such person;

(b) Such suit shall be brought in the name of such person for the use of such public body or public agency. Proof that the person to whom such money is due became a public charge, or was publicly assisted, shall be conclusive of the right to recover whatever may be legally due such person. If the amount due shall have been reduced to judgment, the public body or public agency may be substituted as plaintiff in the judgment. If the sum due is founded on an order or decree of court, the public body or public agency shall have the right to recover the same.

In filing its petition,[2] the department relies on the last sentence of subsection (b), the contention being that the reimbursement sought is based upon an order of court.[3] The department thus argues that the outstanding arrearages due it constitute a legal obligation already adjudicated and that defendant lacks standing to be heard on the assignment request.

The core concept of the issue of standing is that a

2. Although subsection (a) of the statute states that the public body or public agency "may sue" for the recovery of monies due, we believe that the Department may properly proceed by way of a petition for rule to show cause. Cf. Garrison (Minors), 64 D. & C. 2d 433 (1974) (construing similar language of 62 P.S. § 1974).

3. See department's brief of argument at p. 3-4.

person who is not adversely affected in any way by the matter he seeks to challenge is not "aggrieved" thereby and has no standing to obtain a judicial resolution of his challenge: Wm. Penn Parking Garage, Inc. v. City of Pittsburgh, 464 Pa. 168, 346 A. 2d 269 (1975). In this instance, defendant owes a sum certain on account of arrearages, whether they remain due the original plaintiff or the department. He owes neither more nor less should the monies be assigned and suffers no adverse consequences as a result thereof. We thus conclude that the law simply does not confer standing in such an event. Cf. Com. v. Baldassari, 279 Pa. Superior Ct. 491, 421 A. 2d 306 (1980) (wherein defendant lacked standing to contest an order of court directing that child support payments be made to the Department of Public Welfare).

At the hearing conducted before the court on February 23, 1982, plaintiff indicated that she had in fact received public assistance. Further, no objection was made by plaintiff to the requested assignment. Hence, it is our conclusion that under subsection (b) of the above-quoted statute, the department has conclusively proven its right to recover any amounts paid to plaintiff. Unfortunately, there remains dispute as to the actual amount of arrearages representing public assistance grants. We therefore grant the department's petition, insofar as it relates to the propriety of assignment, with the direction that the matter be referred to the Domestic Relations Office for such action as may be necessary to determine the amount of outstanding arrearages and the sums thereof owed to the department.

## ORDER

And now, October 18, 1982, upon consideration

538

of the petition for assignment of support arrearages filed on behalf of the Commonwealth of Pennsylvania, Department of Public Welfare, and in accordance with the opinion filed this same date, it is ordered that the right to recover any and all arrearages representing sums paid to plaintiff as public assistance be and is hereby assigned to said Department of Public Welfare. It is further ordered that the matter be referred to the Domestic Relations Office for the scheduling of such hearing or action otherwise necessary for determination of outstanding arrearages and the amounts thereof representing public assistance grants.