604 A.2d 746

**William P. ROHRER, Appellant,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 20, 1991.

Decided Dec. 5, 1991.

Publication Ordered Feb. 25, 1992.

Neil Price, for appellant.

Robert M. Miller, Jr., Asst. Counsel, for appellee.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

This is an appeal by William P. Rohrer (Rohrer) from an order of the Court of Common Pleas of Cambria County (common pleas court) denying Rohrer's objections to the Department of Public Welfare's (DPW) revival of a judgment lien against Rohrer's real property.

From August 2, 1968, until September 6, 1983, DPW provided public assistance benefits to Rohrer's former spouse. DPW also provided public assistance benefits to Rohrer's six minor children beginning August 2, 1968, until each child reached the age of twenty-one or otherwise

became emancipated. The assistance benefits were provided to the children under the Aid to Families with Dependent Children (AFDC) program. Mrs. William Rohrer signed two reimbursement agreements (PA–9 form)[1] with DPW confessing judgment against the property located at 307 Berk Avenue, Johnstown, and originally owned by Rohrer and his former spouse as a tenancy by the entireties. Rohrer refused to sign the PA–9 forms[2] and DPW maintained imperfect signature liens against the property.[3] The total amount of benefits received by Mrs. William Rohrer and the children was $38,674.13. After applying credit for child support payments by Rohrer, the amount was reduced to $34,500.71.

In 1986 Rohrer sought public assistance benefits in his own behalf while awaiting benefits from a railroad retirement annuity. From February 7, 1986, until October 16, 1986, DPW provided public assistance benefits to Rohrer in the amount of $1,297.30 under the general assistance program. Rohrer executed a PA–9 form confessing judgment against his property for reimbursement of the assistance granted to him. Rohrer reimbursed DPW in the amount of $471.00. DPW filed a lien, at number 290 of 1986, against Rohrer, his spouse and unemancipated children "authorizing the Prothonotary ... to enter judgment against me [Rohrer] for the sum of ... $5,000.00, plus costs." Reimbursement Agreement, Certified Record. In November of

1. 55 Pa.Code § 257.24(b)(1)(i) provides:
   Form PA 9—Reimbursement Agreement—is used to acknowledge the liability of real property. Form PA 9 contains a confession of judgment which, when signed and recorded with the prothonotary of the county in which the property is located, becomes a lien against the real property owned at the time of recording. The lien thus obtained makes it unnecessary to obtain judgment through suit. Form PA 9 provides for repayment of assistance granted to or for property owner, spouse and unemancipated minor children.

2. Where the property is owned jointly by the husband and wife, both must sign the PA–9 form. *See* 55 Pa.Code § 257.24(c)(1).

3. Rohrer and his wife were divorced converting ownership in the property from a tenancy by the entireties to a tenancy in common.

1990, DPW sought to revive the lien[4] against Rohrer. Rohrer filed objections to the revival of the lien challenging the constitutionality of Section 4(a) of the Support Law (Law),[5] and DPW's regulations concerning the revival of liens.[6] On March 13, 1991, the common pleas court denied Rohrer's objections to DPW's revival of the judgment lien and concluded that prior judicial decisions have determined the constitutionality of Section 4(a) of the Law and DPW's regulations concerning reimbursement actions.

■ On appeal Rohrer contends that Section 4(a) of the Law and DPW's regulations enacted pursuant to Section 4(a) concerning the reimbursement of public assistance benefits paid to property owners violates the equal protection and due process rights of such property owners under the Pennsylvania and United States Constitutions; that DPW's regulations governing the filing of judgment liens are archaic and an abuse of the saving clause in Section 3(b) of the Judiciary Act Repealer Act (JARA)[7], 42 P.S. § 20003(b); and that the recording of DPW's judgment liens against property owners violates statutes and regulations enacted for the purpose of protecting the confidentiality of a welfare recipient's name and address.[8]

■ Our scope of review of a common pleas court's decision is limited to a determination of whether constitu-

4. "A lien expires after five years unless it is revived within that period." 55 Pa.Code § 257.24(v).

5. Act of June 24, 1937, P.L. 2045, *as amended*, 62 P.S. § 1974(a).

6. We note that Rohrer notified the Attorney General of his challenge to the constitutionality of Section 4(a) of the Law, 62 P.S. § 1974(a) pursuant to Pa.R.C.P. No. 235 and Pa.R.A.P. 521.

7. Act of April 28, 1978, P.L. 202.

8. Rohrer also argues that DPW deliberately attempted to confuse the issues before the common pleas court by introducing into evidence documents and exhibits indicating the payment of public assistance benefits to his former spouse and children. *See* Brief of Appellant at 6. This issue was not set forth in Rohrer's statement of questions involved. Pa.R.A.P. 2116 relevantly provides that "[t]his rule is to be considered in the highest degree mandatory, admitting of no exception: ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby."

tional rights have been violated or whether the common pleas court abused its discretion or committed an error of law. *Mann v. City of Philadelphia*, 128 Pa.Commonwealth Ct. 499, 563 A.2d 1284 (1989).

Rohrer first contends the requirement that only property owners who receive public assistance benefits must sign DPW's PA–9 form encumbering their property in reimbursement actions by DPW violates the equal protection clause of the United States and Pennsylvania Constitutions because it creates two classes of welfare recipients who are treated differently when applying for public assistance benefits.

Section 4(a) of the Law relevantly provides:

[T]he real and personal property of any person shall be liable for the expenses of his support ... and for the expenses of the support ... of the unemancipated minor children of such property owner, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred....

62 P.S. § 1974(a). 55 Pa.Code § 257.22 provides:

**Ownership of property**—In accordance with the Support Law (62 P.S. §§ 1971–1977), only property owned or to which there was a right of ownership at the time the assistance was received will be held liable. Reimbursement will be based on the property, not on property acquired after discontinuance of assistance. A right to ownership will exist when there is a resource of which actual possession is delayed because of legal processes or other reasons.

In *Charleston v. Wohlgemuth*, 332 F.Supp. 1175 (E.D.Pa. 1971), *aff'd mem.*, 405 U.S. 970, 92 S.Ct. 1204, 31 L.Ed.2d 246 (1972) a class action was brought challenging the constitutionality of DPW's regulations requiring AFDC applicants owning real and personal property to allow DPW to file a lien on their property as security for the payment of public assistance benefits. There, Mrs. Charleston purchased a home under the Federal Housing Authority's plan and at the time of the purchase was receiving AFDC

benefits for her six minor children. Mrs. Charleston was requested to sign a PA–9 form. Mrs. Coleman was also receiving AFDC benefits when she was injured in an automobile accident and was requested to sign a PA–176 form assigning her personal injury claim to DPW. Mrs. Charleston and Mrs. Coleman (collectively, plaintiffs) refused to sign the DPW forms and argued that DPW's regulations created two classes of needy and dependent children. "Those who receive assistance because their parents are willing to execute the PA–9 or PA–176 forms and those who are denied assistance because their parents will not, and that this constitutes a violation of the equal protection clause." *Id.* at 1183. The U.S. District Court determined that there was no constitutional violation.

In *Charleston* the U.S. District Court quoted *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), as follows:

> In the area of economics and social welfare, a State does not violate the Equal Protection clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369. 'The problems of government are practical ones and may justify, if they do not require rough accommodations—illogical, it may be, and unscientific.' *Metropolis Theatre Co. v. City of Chicago*, 228 U.S. 61, 69–70, 33 S.Ct. 441, 443, 57 L.Ed. 730. 'A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' *McGowan v. Maryland*, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393. (Emphasis in original.)

*Id.* at 1184.

■ DPW's reimbursement regulations requiring welfare recipients with property to sign a PA–9 form, while not requiring welfare recipients without property to do so, are

not without a reasonable basis. The Commonwealth's claim for reimbursement is "best protected by providing that property owners pledge property which is liable for reimbursement as security for future reimbursement of assistance received by them or by persons for whom they are held responsible." 55 Pa.Code § 257.21(a). "Reimbursement results in a recovery of money that is then available for redistribution as assistance, thereby reducing to this extent the need for additional tax revenues." 55 Pa.Code § 257.21(a). There is no violation of equal protection.

■ Rohrer next argues that his due process rights were violated. Rohrer argues that DPW's PA–9 form is illegal insofar as the welfare recipient is forced to sign a confession of judgment and the judgment amount recorded by DPW's lien is fixed without any procedure available to determine the actual amount due.[9] In *Charleston* the U.S. District Court stated:

> The welfare recipient debtor who has had judgment confessed against him is in a very different posture from the debtor who has had judgment confessed against him in a consumer financing transaction.... For, as we have found, the policy of DPW is that the lien obtained under the PA–9 and 176 forms is a dormant security lien under which, and in all events, the Commonwealth carries the burden of establishing the actual amount of assistance paid by it to the recipient, and of overcoming any defense interposed by the recipient at any time that it seeks to enforce the lien. This includes the time of settlement negotiations, [and] the time of a departmental 'fair hearing' requested by the recipient.... (Footnote omitted.)

*Id.* at 1186. DPW's procedures do not violate a welfare recipient's right to due process.

■ Rohrer's third argument is that DPW's regulations governing lien procedures confessing judgment against the welfare recipient's property were enacted pur-

---

**9.** Rohrer also argues that because a lien filed from a DPW PA–9 form is a judicial lien the prothonotary has no legal authority to file liens on real property where the amount is not discernable from the face.

suant to a statute that was subsequently repealed and that the surviving regulations are antiquated. We note that DPW's implementation of the regulations is authorized by the saving clause in Section 3(b) of JARA which relevantly provides:

> If no such general rules are in effect with respect to the repealed statute on the effective date of its repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth, until such general rules are promulgated.

42 P.S. § 20003(b). A review of the record reveals that this issue has been raised for the first time on appeal. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Also, Rohrer's argument fails to allege any impropriety that results from such a "dinosaur-like" procedure. *See* Rohrer's Brief at 13.

■ Lastly, Rohrer argues that the recording of DPW liens against welfare recipients owning property violates statutes and regulations enacted for the protection of the names and addresses of applicants receiving public assistance. *See* Sections 404(a)(1), 425 and 505 of the Public Welfare Code,[10] and 55 Pa.Code § 105.

Pursuant to 55 Pa.Code § 105.4(b)(1) there is an exception to the confidentiality rules concerning the identities of welfare recipients. 55 Pa.Code § 105.4(b)(1) provides that "[i]nformation may be disclosed by the Department when necessary to carry out the regulations on recovering money due as set forth in Chapters 255 and 257 relating to restitution and reimbursement." DPW's judgment lien requirements and procedures are contained in Chapter 257.

Accordingly, we affirm the decision of common pleas court.

10. Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §§ 404(a)(1), 425 and 505.

## ORDER

AND NOW, this 5th day of December, 1991, the order of the Court of Common Pleas of Cambria County, dated March 13, 1991, is affirmed.