**Barlet v. Horner**

504

C.P. of Columbia County, no. DR 364 of 1985.

*Garry Wamser,* for plaintiff.

*William Kim Hill,* for Pa. Dept. of Public Welfare.

JAMES, *J.,* January 22, 2001—On July 6, 2000, plaintiff filed a petition for modification with the domestic relations office seeking a three-year review of a child support order for the parties' minor child, Kristy L. Barlet, born August 17, 1984. After a conference, the domestic relations office recommended that defendant's support obligation increase from $176 per month to $337.97 per month. The Department of Public Welfare, as assignee of plaintiff, filed exceptions to the recommendation. The exceptions were limited solely to the issue of what portion of arrearages was owed to DPW and what portion of the arrearages was due to the plaintiff.

On September 26, 2000, a hearing was held before the domestic relations special hearing officer. DPW representatives and plaintiff testified. Certain payment history records and plaintiff's DPW history records were submitted into evidence. The parties agreed that during the applicable times in this case, plaintiff had signed an assignment in order to receive assistance. The assignment said that "When I sign this form, I understand that: . . . [ ] All rights to support for myself and others for whom I am accepting cash benefits are assigned to the state. [ ] All support, including arrears, will be paid to the state. Support retained by the state will not exceed the amount of cash benefits received."

The hearing officer conducted an audit and determined that arrearages owed by defendant totaled $12,024.57 as of September 27, 2000. At that time, plaintiff was no longer receiving public assistance. The hearing officer

found that the language in the document signed by plaintiff assigned only the support and arrearages that defendant owed to her while she was receiving public assistance. Once she was off public assistance, the hearing officer found that DPW was not entitled to arrearages that had accumulated prior to plaintiff receiving public assistance, or during those times when she was not collecting public assistance. He allocated the arrearages due as follows: $7,233.47 to plaintiff; $4,627.91 to DPW; and $163.19 toward court costs. DPW appealed this recommendation to this court, arguing that the hearing officer should have allocated to DPW the arrears due plaintiff at the time she signed the assignments.

The issue is simpler than the convoluted, sketchy record seems to indicate. The issue is whether, as a condition of receiving public assistance, plaintiff assigned to DPW her rights to receive arrearages that were owed to her at the time she made the assignment. Plaintiff argues that the language in the assignment is at best ambiguous and should be construed against the scrivener, *i.e.,* DPW. She argues that the phrases "All rights to support" and "All support including arrears" should only mean prospective support and arrears. Actually, it is the statute, not the written assignment that governs:

"Acceptance of public assistance shall operate as an assignment to the department, *by operation of law,* of the assistance recipient's rights to receive support, on his or her own behalf and on behalf of any family member with respect to whom the recipient is receiving public assistance.

"Such assignment shall be effective only up to the amount of public assistance received. The assignment

shall take effect at the time that the recipient is determined to be eligible for public assistance. Upon termination of public assistance payments, the assignment of support rights shall terminate, provided that *any amount of unpaid support obligations shall continue as an obligation to and collectible by the department to the extent of any unreimbursed assistance consistent with federal law.* . . . 23 Pa.C.S. §4378(e)." (See also, prior law at 62 P.S. §432.6(e).) (emphasis provided)

Thus, it is through "operation of law" by which the assignment is made and governed. The written assignment is recipient's acknowledgement of the statute's mandate. The statute requires the recipient to "assign to the department on forms provided by the department such support rights as the applicant or recipient may have individually or on behalf of any family member who is a part of the assistance group." 23 Pa.C.S. §4379 (1)(ii). (See also, prior law 62 P.S. §432.6(a)(2).) Plaintiff was obligated by law to assign her support rights to DPW.

There is a paucity of Pennsylvania cases addressing whether the language of the statute (and of the assignment) assigns to DPW arrearages owed to plaintiff at the time of the assignment. The dearth of cases may be because the term "All rights to support" and "All support including arrears" is so clear. The term "all" clearly means just that, *i.e.,* all rights that the recipient has at that time (any arrearages) and all rights in the future while the recipient is receiving support. In fact, Pennsylvania appellate decisions have acknowledged that arrearages due and owing the public assistance recipi-

ent at the time the recipient assigns support rights become a "debt due the state." See *Commonwealth of Pennsylvania, Department of Public Welfare ex rel. Martinez v. Alvin,* 278 Pa. Super. 64, 66, 419 A.2d 1358, 1359 (1980). See also, *Long v. Thomas,* 152 Pa. Commw. 416, 619 A.2d 394 (1992).

Although there was discussion at the hearing about the manner of distribution of support payments, that issue is governed by statute. See 23 Pa.C.S. §4373. The only issue before this court is the arrearage issue. Arrearages due and owing plaintiff when she signed the documents were assigned to DPW and continue to be assigned to DPW (see 23 Pa.C.S. §4378(e)), subject to 23 Pa.C.S. §4373 and other qualifying provisions that are not at issue in this case. DPW's exceptions are sustained. An adjustment in the allocation of the total arrearages should be made accordingly.

## ORDER

And now, January 22, 2000, the exceptions of the Department of Public Welfare are sustained. The matter is remanded to the Domestic Relations Office to reallocate the arrearages in a manner consistent with this opinion. The hearing transcript shall be paid by plaintiff.