# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francis Boyd,                          :
                   Appellant           :
                                       :
         v.                            :  No. 1897 C.D. 2016
                                       :  Submitted: March 10, 2017
Pennsylvania Department of             :
Corrections, Lamar Libhart,            :
Hearing Examiner,                      :
Pennsylvania State Police John Doe,    :
Investigating Officers John Doe,       :
Misconduct Issuer                      :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  August 16, 2017**


Appellant Francis Boyd (Boyd), *pro se*, appeals from an order of the Court of Common Pleas of Cumberland County (trial court), dated May 26, 2016. The trial court denied Boyd's "Petition for Rule 206.5 Rule to Show Cause" (Petition) and directed that the case be closed.  For the reasons set forth below, we affirm the trial court's order on alternative grounds.

On April 27, 2007, Boyd, an inmate housed at the State Correctional Institution-Mahanoy (SCI-Mahanoy), initiated a civil action against Appellees Department of Corrections (DOC) and former DOC Hearing Examiner Lamar

Libhart (collectively, Appellees).[1]  Thereafter, on June 22, 2007, Boyd filed an amended complaint.[2]  In his amended complaint, Boyd sought, *inter alia*, the expungement of misconduct charges issued against him in connection with a 1989 prison riot at State Correctional Institution-Camp Hill (SCI-Camp Hill), where he was then housed.  (C.R., Dismissal/Am. Compl.)  Boyd alleged that on July 5, 1990, Appellees pursued misconduct charges against him for the assault of a correctional officer when they knew or should have known that another inmate was responsible for such assault.  (C.R., Dismissal/Am. Compl.)  Boyd alleged further that as a result of Appellees' conduct, he was subjected to cruel and unusual punishment in violation of his constitutional rights.  (C.R., Dismissal/Am. Compl.)  On July 13, 2007, Appellees filed preliminary objections to Boyd's amended complaint, arguing, *inter alia*, that Boyd's claims were barred by the statute of limitations.  (C.R., Preliminary Objections.)  In response, Boyd argued that he did not learn that he was harmed by Appellees' conduct until 2007, and, therefore, his claims were not barred by the statute of limitations.  (C.R., Answer to Preliminary Objections.)  By opinion and order dated September 27, 2007, the trial court concluded that the statute of limitations on Boyd's claims had long since run, and, as a result, the trial court dismissed Boyd's amended complaint.  (C.R., Trial Ct. Op. and Order, dated Sept. 27, 2007.)

---

[1] Boyd's original complaint also named the Pennsylvania State Police, John Doe, Investigating Officers, and John Doe, Misconduct Issuer.  (Certified Record (C.R.), Compl.)  On June 22, 2007, however, Boyd abandoned his claims against the Pennsylvania State Police and certain named state troopers.  (C.R., Dismissal/Am. Compl.)

[2] Boyd's amended complaint is identified in the trial court's docket entries as a "Dismissal," presumably because Boyd filed his amended complaint as part of his document entitled "Voluntary Dismissal of Charges Against Pa. State Police."  (C.R., Docket Entries.)

On October 12, 2007, Boyd attempted to appeal the trial court's September 27, 2007 order, by filing a timely notice of appeal and a motion to proceed in forma pauperis (IFP Motion). The trial court docketed both the notice of appeal and the IFP Motion. (C.R., Docket Entries.) On October 30, 2007, the trial court denied Boyd's IFP Motion stating that his "appeal was frivolous because the order of September 27, 2007, [was] interlocutory." (C.R., Trial Ct. Order, dated Oct. 30, 2007.) The trial court did not, however, dismiss Boyd's notice of appeal for failure to pay the required fee or certify the record to this Court.

Boyd also did not appeal the trial court's denial of his IFP Motion. Instead, Boyd filed a motion to compel Appellees to respond to interrogatories and requests for production of documents. On November 8, 2007, the trial court issued a rule upon Appellees to show cause as to why Appellees should not suffer sanctions for failure to respond to interrogatories and requests for production of documents. (C.R., Trial Ct. Order, dated Nov. 8, 2007.) On December 10, 2007, however, the trial court dismissed its rule to show cause as being improvidently granted, stating that "[t]he amended complaint was dismissed with prejudice in its entirety on September 27, 2007." (C.R., Trial Ct. Order, dated Dec. 10, 2007.) Thereafter, from January through October 2008, Boyd filed five separate documents with the trial court, seeking to compel Appellees to respond to his interrogatories and requests for production of documents.[3] The trial court did not act on any of these filings.

---

[3] Upon review of these filings, it appears that Boyd was proceeding under the mistaken belief that his case had not been dismissed in its entirety because his original complaint filed on April 27, 2007, was still pending. (*See, e.g.*, C.R., Rule 1035.5 Procedure When Judgment is Denied or Not Rendered Upon the Whole Case.)

Nearly five years later, on July 17, 2013, Boyd filed a motion with the trial court, requesting that he be permitted to proceed on his original complaint filed on April 27, 2007. (C.R., Motion to Continue Case.) Thereafter, on August 8, 2013, Boyd filed a petition for rule to show cause, again seeking an order compelling Appellees to respond to his interrogatories and requests for production of documents. The trial court denied Boyd's petition.

Almost three years later, on April 18, 2016, Boyd filed his Petition, seeking approval to proceed with depositions and/or trial. On April 21, 2016, the trial court issued a rule to show cause upon Appellees. In response, Appellees argued that Boyd's Petition should be denied because the action had already been dismissed by the trial court and the time to appeal had long since passed. (C.R., Response to Rule to Show Cause.) Thereafter, on May 26, 2016, the trial court issued an order, denying Boyd's Petition and directing that the case be closed. (C.R., Trial Ct. Order, dated May 26, 2016.) In so doing, the trial court stated:

> The [c]ourt notes that [Boyd's] [a]mended [c]omplaint was dismissed by now-retired Honorable Edgar B. Bayley by [o]rder of [c]ourt dated September 27, 2007. The [c]ourt further notes that such [o]rder was later clarified by Judge Bayley to have been a dismissal with prejudice.
>
> [Boyd] states in his response to [Appellees'] response to his petition that he believed his original cause of action entitled "Complaint Writ of Mandamus Petition for Expungement of Misconduct Charges" is still viable despite the dismissal of his amended complaint as being barred by the [s]tatute of [l]imitations. Indeed, it appears the trial court erred on this issue as well in that it denied [Boyd's] petition requesting to have counsel in forma pauperis for purposes of appeal, stating that the appeal was interlocutory. This [c]ourt reviewed and compared [Boyd's] original complaint and amended complaint, however, and finds that the causes of action complained of therein are the same and thus are all barred by the

4

[s]tatute of [l]imitations. The September 27, 2007 [o]rder of [c]ourt should have properly clarified that the complaint and amended complaint were barred by the [s]tatute of [l]imitations, and thus, that [Appellees'] objections thereto were granted, and the entire matter closed. [Boyd] should have then been granted in forma pauperis for appeal as [Boyd] timely filed his [n]otice of [a]ppeal. Nevertheless, [Boyd] took no further action regarding his [a]ppellate rights or in forma pauperis request from 2007 until bringing up the issue in his response filed on May 12, 2016.

[This c]ourt therefore finds that [Boyd's] delay in filing for relief is unjustifiably long, and that [Boyd] has taken no action within a reasonable period of time after his request for in forma pauperis on appeal was denied. Thus, this [c]ourt denies [Boyd's] [P]etition in its entirety, and the case shall be closed by the [p]rothonotary.

(C.R., Trial Ct. Order, dated May 26, 2016 (citations omitted).) Boyd then appealed to this Court.[4]

On appeal, it is difficult to discern Boyd's precise arguments.[5] It appears that Boyd is attempting to argue that the trial court erred by denying his Petition and concluding that he failed to take action within a reasonable time after the trial court denied his IFP Motion. More specifically, Boyd argues that he could not have taken action within a reasonable time because the trial court had

---

[4] Boyd initially filed his appeal with the Pennsylvania Superior Court. By order dated November 21, 2016, the Superior Court transferred the case to this Court as this Court has exclusive jurisdiction over this matter pursuant to Section 762 of the Judicial Code, 42 Pa. C.S. § 762.

[5] This Court's scope of review of a decision by a trial court is limited to a determination of whether the trial court abused its discretion or committed an error of law, or whether constitutional rights were violated. *Long v. Thomas*, 619 A.2d 394, 396 (Pa. Cmwlth. 1992), *appeal denied*, 631 A.2d 1012 (Pa. 1993).

5

precluded him from appealing the September 27, 2007 order, dismissing his amended complaint, by indicating that such order was interlocutory. In response, Appellees argue that the trial court properly denied Boyd's Petition because "Boyd failed, without excuse or justification, to act with any diligence in appealing the dismissal of his action" and instead "allowed his action to languish for almost nine years" after his amended complaint had been dismissed.[6] (Appellees' Br. at 6-7.)

Our review of the certified record in this matter reveals that on October 12, 2007, Boyd filed a timely notice of appeal of the trial court's September 27, 2007 order, dismissing his amended complaint. The trial court docketed the notice of appeal. While the trial court denied Boyd's contemporaneously filed IFP Motion, the trial court did not enter an order or make any notation on the docket that it was dismissing or rejecting Boyd's notice of appeal for failure to pay the required fee. Once Boyd filed his notice of appeal, the trial court lacked jurisdiction to consider any of Boyd's future filings, including the Petition that resulted in the trial court's May 26, 2016 order that is the subject of this appeal.[7] *See* Pa. R.A.P. 1701. After Boyd filed his notice of appeal, the trial

---

[6] Appellees also argue that Boyd waived the issue of whether the trial court erred in denying his Petition because Boyd failed to raise the issue in his brief to this Court. We disagree. When read as a whole, Boyd's brief adequately addresses the issue of whether the trial court erred in denying his Petition.

[7] The trial court maintained very limited jurisdiction after Boyd filed his notice of appeal, which included, *inter alia*, the authority to grant reconsideration, to grant leave to appeal in forma pauperis, to transmit the certified record to the appellate court, or to take such other action as is necessary to preserve the status quo. *See* Pa. R.A.P. 1701(b).

In its Rule 1925(a) opinion, the trial court concluded that Boyd waived any issues relative to its May 26, 2016 order and its conclusion that Boyd's delay in pursuing his claims against Appellees was unjustifiably long, because Boyd failed to address any such issues in his statement of errors complained of on appeal (1925(b) Statement). Upon review of the certified record, we **(Footnote continued on next page…)**

6

court should have transmitted the certified record to this Court for consideration. The trial court did not do so. Rather, the trial court continued to entertain and act on some of Boyd's filings, which led Boyd to believe that his case was still viable and that the trial court continued to have jurisdiction to consider his underlying claims against Appellees. It is difficult for a *pro se* litigant to navigate through the legal system. This process is made even more difficult when the trial court enters admittedly erroneous orders, fails to transmit the record to the appellate court upon the filing of a timely notice of appeal, and acts outside its jurisdiction. For these reasons, we conclude that the trial court erred in acting on Boyd's Petition because it lacked jurisdiction to even take the Petition into consideration.

Our analysis does not stop there, however. Boyd filed a timely notice of appeal of the trial court's September 27, 2007 order, dismissing his amended complaint, and the trial court failed to transmit the record to this Court for consideration. Because Boyd's appeal of the trial court's September 27, 2007 order should have been considered by this Court, we will treat this appeal as Boyd's appeal of that order. On this issue, Boyd argues that the trial court erred in dismissing his amended complaint because the statute of limitations on his claims against Appellees did not begin to run until 2007. More specifically, Boyd argues that he did not learn that he was harmed by Appellees' conduct until 2007, when he encountered the inmate who was responsible for and had plead guilty to the

---

**(continued…)**

have been unable to locate a copy of Boyd's 1925(b) Statement, and, therefore, we cannot ascertain whether Boyd raised this issue in his 1925(b) Statement. Because we conclude that the trial court was without jurisdiction to issue the May 26, 2016 order, whether Boyd waived any challenge to that order is irrelevant.

assault of the correctional officer, the exact incident for which Boyd received his misconduct charges.

We, like the trial court, construe Boyd's claims against Appellees as an action for deprivation of rights under 42 U.S.C. § 1983 (Section 1983).[8]  The statute of limitations for claims brought under Section 1983 is determined by the state statute of limitations for personal injury claims.  *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985), *superseded by statute on other grounds*, as stated in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-78 (2004).  The statute of limitations for personal injury actions in Pennsylvania is two years.  42 Pa. C.S. § 5524.  "[I]n some cases[,] where the injury or the fact that it was caused by the conduct of another is not known or discoverable through the exercise of reasonable diligence, courts have invoked the discovery rule, which delays the accrual of a cause of action and tolls the statute of limitations until a time when the injury and its cause can reasonably be discovered."  *Pennock v. Lenzi*, 882 A.2d 1057, 1060 (Pa. Cmwlth. 2005), *appeal denied*, 897 A.2d 462 (Pa.), *cert. denied*, 549 U.S. 884 (2006).

In this case, Boyd alleged that he was harmed on July 5, 1990, when Appellees pursued allegedly false misconduct charges against him for the assault of a correctional officer during the prison riot at SCI-Camp Hill in 1989.  Thus, Boyd had until July 5, 1992, the expiration of the applicable statute of limitations, to file his cause of action against Appellees.  Boyd did not initiate this action until

---

[8] In its opinion and order dated September 27, 2007, dismissing Boyd's amended complaint, the trial court noted:  "[a]lthough not artfully drawn by [Boyd], the amended complaint seeks relief and damages for alleged violations of his constitutional rights[,] which we construe to be under 42 U.S.C. [§] 1983."  (C.R., Trial Ct. Op. and Order dated Sept. 27, 2007.)

April 27, 2007, nearly fifteen years after the statute of limitations had expired. Boyd's argument that the statute of limitations had been tolled because he did not discover that he was harmed until 2007, when he encountered the inmate who was responsible for and had pled guilty to the assault of the same correctional officer for which Boyd had received the misconduct charges, is without merit. Boyd knew that he was harmed at the time that Appellees pursued the misconduct charges against him on July 5, 1990. At that point, he knew that the misconduct charges were false and that he had received punishment for misconduct that he had allegedly not committed. It is irrelevant that he did not know who the inmate was that had assaulted the correctional officer. As a result, the trial court did not err in dismissing Boyd's amended complaint based upon the expiration of the statute of limitations.[9]

Accordingly, we affirm the trial court's order on alternative grounds.

P. KEVIN BROBSON, Judge

[9] The expiration of the statute of limitations is an affirmative defense that is raised by new matter in a responsive pleading. Pa. R.C.P. No. 1030. If, however, the expiration of the statute of limitations is apparent on the face of the pleading and the opposing party does not challenge the preliminary objection by filing a preliminary objection to the preliminary objection, the court may consider the expiration of the statute of limitations at the preliminary objections stage of the proceedings. *See Lamp v. Heyman*, 366 A.2d 882, 885 (Pa. 1976). *See also Malia v. Monchak*, 543 A.2d 184, 187 (Pa. Cmwlth. 1988) (applying same principles to affirmative defense of immunity). In this case, the trial court properly considered the statute of limitations affirmative defense as part of Appellees' preliminary objections, as it was apparent on the face of Boyd's amended complaint that the statute of limitations had expired more than fifteen years before he filed his cause of action against Appellees, Boyd did not raise any facts in his amended complaint or his answer to Appellees' preliminary objections that would trigger the application of the discovery rule, and Boyd did not file a preliminary objection to Appellees' preliminary objections or otherwise object to the court's consideration of the statute of limitations affirmative defense at the preliminary objections stage of the proceedings.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francis Boyd,            :
           Appellant      :
           :
         v.           :    No. 1897 C.D. 2016
           :
Pennsylvania Department of    :
Corrections, Lamar Libhart,    :
Hearing Examiner,          :
Pennsylvania State Police John Doe,   :
Investigating Officers John Doe,    :
Misconduct Issuer         :

## **O R D E R**

AND NOW, this 16th day of August, 2017, the order of the Court of Common Pleas of Cumberland County is hereby AFFIRMED on alternative grounds.

 

                           _____
                           P. KEVIN BROBSON, Judge